UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS O'CONNOR, | : | NO.: 3:00CV339 (RNC) |
|    Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| LYNNE B. PIERSON, ELLEN C. | : | |
| HEALY, CHRISTOPHER A. DUMAS, | : | |
| PATRICIA M. STRONG, CHRISTINE | : | |
| T. FORTUNATO, DONNA H. HEMMANN, | : | |
| STACEY HODGES, JOHN F. MORRIS, | : | |
| FREDERICK E. PETRELLI, JR., | : | |
| PENNY H. STANZIALE, and | : | |
| WETHERSFIELD BOARD OF EDUCATION | : | |
|    Defendants | : | JULY 22, 2004 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO SUPPLEMENT THE RECORD AND FOR ADDITIONAL FINDINGS**

The defendants, LYNNE B. PIERSON, ELLEN C. HEALY, CHRISTOPHER A. DUMAS, PATRICIA M. STRONG, CHRISTINE T. FORTUNATO, DONNA H. HEMMANN, STACEY HODGES, JOHN F. MORRIS, FREDERICK E. PETRELLI, JR., PENNY H. STANZIALE, and WETHERSFIELD BOARD OF EDUCATION, submit the following memorandum of law in support of their Motion to Supplement the Record and for Additional Findings dated July 22, 2004.

**I.    BACKGROUND.**

    **A.    HISTORY OF THE CASE AND RELATED CASES**

A dispute arose between the plaintiff and the Wethersfield Board of Education concerning the Board's request that the plaintiff attend a psychiatric IME. The plaintiff filed suit seeking an injunction declaring the IME order invalid. The claims were breach of contract, tortious interference with contractual relations, negligent infliction of emotional

**ORAL ARGUMENT REQUESTED**

distress, intentional infliction of emotional distress, violation of the Connecticut Constitution and 42 U.S.C. § 1983/Fourteen Amendment violation. The matter was removed the action to federal court in February 2000 and immediately subject to a Motion to Dismiss. The case was assigned to Magistrate Judge Martinez who ordered the Motion to Dismiss consolidated with an omnibus cross-Motion for Summary Judgment. The parties complied and these motions were filed in the summer of 2000.

In March 2001, Judge Martinez issued a recommended ruling dismissing the counts brought under the Fourteenth Amendment. Judge Martinez concluded that the Board did not violate the plaintiff's procedural or substantive due process rights. The plaintiff immediately filed an appeal to the Court, who overturned Judge Martinez's recommended ruling in part. In approximately October 2001, the court dismissed the procedural due process claim and the individual capacity claims on the ground of qualified immunity. The Court requested further briefing on the substantive due process claims.

Prior to these events, assuming that his case was about to be dismissed, the plaintiff filed a new state court action predicated upon the pendant claims alone. The plaintiff filed the state court lawsuit under the "accidental failure of suit" statute, Conn. Gen. Stat. §52-592. These state court claims, which were eventually tried in September 2003, were identical in every respect to the claims that had been filed in federal court. The plaintiff was merely seeking adjudication of pendant claims that had been dismissed for lack of subject matter jurisdiction from the federal case.

However, this Court took another two years to issue a ruling on the remaining counts. In the meantime, the state court case wound its way through the state court system and was

tried in September 2003, resulting in a partial judgment against the Board on an intentional tort, a matter that is on appeal in the state system.

The claims in the state court action are worth discussing: breach of contract, violation of Connecticut's wage statute (§ 31-72), violation of O'Connor's free speech rights under § 31-51q, negligent infliction of emotional distress, intentional infliction of emotional distress, invasion of privacy, etc. The causes of action all stemmed from the same operative facts at issue in the federal case: that the Board had no reason to send O'Connor to an IME; that if it had a reason to send O'Connor to an IME, that it did not have a legal right to request his psychiatric records, and if it did have a right to request review of its psychiatric records, it should have prepared a limited confidential release which would protect this sensitive information.

The state court case was tried in September 2003. The plaintiff's entire argument was predicated upon the belief that this case involved a government abuse of power. The plaintiff argued that Wethersfield had no reason to request the release, and that if it did, the release as prepared by Wethersfield's counsel was violative of federal privacy laws (42 U.S.C. 290(d)(d)). The defendants obtained summary judgment on a vast majority of the claims. Three counts were submitted to a jury and the jury entered a plaintiff's verdict on one count – invasion of privacy. That judgment was announced on September 16, 2003: following post-trial motions, the court entered judgment on October 31, 2003.

By filing a second lawsuit while another lawsuit was pending the plaintiff not only abused the judicial system, but rather engaged in a race to the courthouse which now bars any other court actions predicated upon a common nucleus of operative fact. In other

3

words, O'Connor's judgment in state court bars any other court action involving a common nucleus of operative fact – *res judicata*.

That includes the appeal now pending at the Second Circuit. However, the court of appeals cannot consider that argument that *res judicata* bars consideration unless this Court allows the defendants to supplement the record with certain items from the state court case and makes additional findings based on those record items. The argument pertaining to that issue is taken up in the defendants' Motion to Supplement the Record and for Additional Findings that has been filed simultaneously with the present motion.

This motion is address to the amendment and correction of the index to the record on appeal. While the defendants initially sought to merely add the additional items so supplemented, a review of the index to the record on appeal revealed a host of wholly irrelevant, immaterial and unrelated items that were cluttering the index. Accordingly, the defendants have inserted a brief argument to delete the irrelevant, immaterial and unrelated items that are not necessary to the determination of the present appeal.

    **B.    ADDITIONAL ITEMS FOR SUPPLEMENTATION INTO THE RECORD**

In particular, the defendants submit the following items should be included in the record on appeal for proper consideration by the Court of Appeals:

1. Letter from Attorney Michael J. Rose to Hon. Robert N. Chatigny dated October 15, 2003;
2. State Court Complaint in <u>O'Connor v. Wethersfield Board of Education</u>,

        CV 01-0808376-S, (J.D. of Hartford);[1]

3. Defendants' Motion to Dismiss dated August 9, 2001;
4. Plaintiff's Memorandum in Opposition to Motion to Dismiss dated September 4, 2001;
5. Decision dated September 25, 2001 on Defendants' Motion to Dismiss;
6. Defendants' Supplemental Motion to Dismiss dated April 9, 2003;
7. Plaintiff's Memorandum in Opposition to Motion to Dismiss dated May 8, 2003, 2001;
8. Memorandum of Decision dated May 20, 20031 on Defendants' Supplemental Motion to Dismiss;
9. Transcript, Plaintiff's Opening Argument at trial, September 10, 2003;
10. Transcript, Plaintiff's Closing Argument at trial, September 18, 2003; and
11. Judgment, October 31, 2003

Each of the above-mentioned items relates to the defendants' arguments that further action in the present case is barred by the doctrine of *res judicata*. For example, items 2, 9 and 10 establish that the state court case and the present case arose from the same common nucleus of operative fact. Items 1, 3-8 establish that the defendants put the court on notice of the jurisdiction issue and that the plaintiff was well aware of the defendant's argument. Item 11, of course, establishes the judgment to which this court was required to give full faith and credit. These items establish that the issue of *res judicata* was raised below. They substantiate the nature of the claims in the parallel state court lawsuit and that judgment entered against the defendants in the state court suit. The reasons for inclusion are set forth in the defendants' Motion to Supplement the Record and for Additional Findings. Even if the court does not grant the defendants' Motion to Supplement the Record and for Additional Findings, the court should nevertheless allow the amended index so that the items are preserved for consideration

---

[1] Items 2-11 on this list are all from the related state court case of <u>O'Connor v. Wethersfield Board of Education</u>, CV 01-0808376-S, (J.D. of Hartford).

by the Court of Appeals.

## II. LAW AND ARGUMENT.

### A. STANDARD OF REVIEW.

Fed.R.App.P. 10(a) establishes the composition of the Record on Appeal. According to Fed.R.App.P. 10(a) "the following items constitute the record on appeal: (1) the original papers and exhibits filed in the district court; (2) the transcript of proceedings, if any; and (3) a certified copy of the docket entries prepared by the district clerk."

The Rules of Appellate Procedure allow for the correction or modification of the Record. Fed.R.App.p 10(e) provides:

> (1) If any difference arises about whether the record truly discloses what occurred in the district court, the difference must be submitted to and settled by that court and the record conformed accordingly.
> (2) If anything material to either party is omitted from or misstated in the record by error or accident, the omission or misstatement may be corrected and a supplemental record may be certified and forwarded:
>   (A) on stipulation of the parties;
>   (B) by the district court before or after the record has been forwarded; or
>   (C) by the court of appeals.

Ordinarily, a court of appeals should only consider evidence made part of the district court record. Where through error or accident material matters are omitted or misstated, Federal Rule of Appellate Procedure 10(e) allows correction of the appellate record to include the corrected material. Several circuit courts, including the Second Circuit, have held that Rule 10(e) allows the inclusion of material the district court did not consider, *see In re* Capital Cities/ABC, Inc.'s Appl. for Access to Sealed Trs., 913

6

F.2d 89, 97 (3d Cir. 1990) (citing inconsistent circuit precedent); United States v. Jacobson, 15 F.3d 19 (2d. Cir. 1994); United States v. Aulet, 618 F.2d 182, 187 (2d Cir. 1980); *but see*, Inland Bulk Transfer Co. v. Cummins Engine Co., 332 F.3d 1007, 1012 (6th Cir. 2003); S & E Shipping Corp. v. Chesapeake & Ohio Ry. Co., 678 F.2d 636, 641 (6th Cir. 1982).

      **B.    THE COURT SHOULD SUPPLEMENT THE RECORD AS REQUESTED AND MAKE ADDITIONAL FACTUAL FINDINGS THAT WOULD SUPPORT THE LEGAL CONCLUSION THAT THE PLAINTIFF'S ACTION WAS BARRED BY THE DOCTRINE OF *RES JUDICATA*.**

The procedural posture of this case is unnecessarily complicated. Most of the complication is as a result of the state court not recognizing the prior pending action in federal court. It is further complicated by the state court action reaching judgment before the present case, despite the fact that the federal case was commenced before the state case. As discussed above, the plaintiff filed an identical lawsuit in state court, predicated upon a common nucleus of operative fact to that at bar. On October 31, 2003, the state trial court entered judgment in his favor. Given that judgment, the plaintiff is now appealing this Court's judgment in the federal case. The defendants submit that the plaintiff does not have the right, even if his arguments are legally correct, to force the defendant to defend a second lawsuit, in which the same actions of the Board are at issue, this time in federal court. The plaintiff's rush to the state courthouse bore him unintended fruit: he must now live with the judgment that he obtained in October 2003. Because the court did not consider this issue in its ruling and order dated December 10, 2003, it must do so now by receiving additional evidence as proposed and making additional findings. This Court is empowered to do so under Fed.R.App.P. 10(e)(2)(B).

7

1.  *Res Judiciata.*

"*Res judicata*", or claim preclusion, holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action. Allen v. McCurry, 449 U.S. 90, 94 (1980); Burgos v. Hopkins, 14 F.3d 787, 789 (2nd Cir. 1993). Whether or not the first judgment will have preclusive effect depends in part on whether the same transaction or series of transactionsis at issue, whether the same evidence is needed to support both claims, and whether the facts essential to the second were present in the first." NLRB v. United Technologies Corp., 706 F.2d 1254, 1260 (2nd Cir. 1983) (citation omitted). *Res judicata* serves the function of ensuring, among other things, the conservation of scarce judicial resources. "*Res judicata* . . . makes a final, valid judgment conclusive on the parties, and those in privity with them as to all matters, fact and law, [that] were or should have been adjudicated in the proceeding." Waldman v. Village of Kiryas Joel, 207 F.3d 105, 108 (2nd Cir. 2000). To prove the defense, a party must show that (1) the previous action involved an adjudication on the merits; (2) the previous action involved the plaintiff or those in privity with him; 3) the claims asserted in the subsequent action were, or could have been, raised in the prior action. Allen, 449 U.S. at 94.

2.  **The Items for Supplementation in the Record are Necessary for the Application of the Doctrine of *Res Judicata*.**

To defend the judgment in their favor in federal court, the defendant-appellees plan to argue that further action in that judgment is barred by the doctrine of *res judicata* as a result of an contrary state court judgment that arising from the precise common nucleus of operative fact. In order to make this argument on appeal, the record must

8

contain evidence which would support those facts. A *res judicata* argument was not initially made to the court because no judgment existed on which to base such an argument. As it became apparent that the state court did not respect the prior pending action doctrine and would allow the plaintiff to forum-shop and claim-split, the defendants took steps to supplement the record. Additionally, the court took an inordinate amount of time to decide the motions for summary judgment. These motions were filed in July 2000, decided by Magistrate Judge Martinez in February 2001 and all issues were not finally adjudicated until December 10, 2003 – nearly three months after the judgment in state court.

In particular, the defendants submit the following items should be included in the record on appeal for proper consideration by the Court of Appeals:

1. Letter from Attorney Michael J. Rose to Hon. Robert N. Chatigny dated October 15, 2003;
2. State Court Complaint in O'Connor v. Wethersfield Board of Education, CV 01-0808376-S, (J.D. of Hartford);[2]
3. Defendants' Motion to Dismiss dated August 9, 2001;
4. Plaintiff's Memorandum in Opposition to Motion to Dismiss dated September 4, 2001;
5. Decision dated September 25, 2001 on Defendants' Motion to Dismiss;
6. Defendants' Supplemental Motion to Dismiss dated April 9, 2003;
7. Plaintiff's Memorandum in Opposition to Motion to Dismiss dated May 8, 2003;
8. Memorandum of Decision dated May 20, 20031 on Defendants' Supplemental Motion to Dismiss;
9. Transcript, Plaintiff's Opening Argument at trial, September 10, 2003;
10. Transcript, Plaintiff's Closing Argument at trial, September 18, 2003; and
11. Judgment, October 31, 2003

---

[2] Items 2-11 on this list are all from the related state court case of O'Connor v. Wethersfield Board of Education, CV 01-0808376-S, (J.D. of Hartford).

9

Item 1 and 11 put this Court on notice of the existence of the judgment in state court and that the law of Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75 (1984) required this Court to extend that full faith and credit to the state court judgment. Items 2, 9, and 10, establish the common nucleus of operative fact. The state court complaint, when compared to the present complaint, shows the common nucleus of operative fact. The plaintiff's counsel's opening and closing arguments further illustrate the same common nucleus of operative fact. Items 1 and 3-8 put the plaintiff on notice of our argument to the state court and show that he could not have been surprised at this date of the jurisdictional issue now raised.

In this case, it is clear that O'Connor could have litigated all claims in one proceeding. As a matter of law, the first two prongs of the Allen, *supra,* analysis are easily met. First, Plaintiff tried a case in Connecticut Superior Court to verdict. *See* Exhibit K, Judgment. The first case did not involve persons in privity: it was brought by the exact same plaintiff; seeking relief against at least one identical defendant: the Board of Education. *See* Exhibit B, State Court Complaint; Exhibit I & J, Opening and Closing Arguments of plaintiff's counsel.

For purposes of this pending appeal, the key inquiry is the third – that of the identical nature of the facts underlying the claim. In deciding whether a suit is barred by *res judicata*, the Court must determine that the second suit involves the same 'claim" – or nucleus of operative fact – as the first suit." Interoceanica Corp. v. Sound Pilots, Inc 107 F.3d 86, 90 (2nd Cir 1997). The Second Circuit has identified three criteria as being crucial to this determination. "To ascertain whether two actions spring from the same transaction, or claim, we look to whether the underlying facts are 'related in time,

space, origin, or motivation, whether they form a convienient trial unit, and whether their treatment as a unit conforms to the parties' expectations . . . . " <u>Interoceanica v. Sound Pilots, Inc.</u>, at 90, (*quoting* Restatement (Second) of Judgments Sec. 24 (2)  (1982)).

In his lawsuit filed in state court, O'Connor alleged that, *inter alia*, his administrative leave, reference to Dr. Schwartz, his forced use of sick leave, and the requirement that he release his records to Dr. Schwartz and the Board: 1) violated his right to procedural due process under the state constitution; 2) violated his right to substantive due process under the state constitution; 3) invaded his personal privacy at common law; 4) constituted a breach of contract; 5) violated the Teacher Tenure Act; 6) constituted intentional infliction of emotional distress etc.  His pleadings, and proof, involved the very same facts that are recited in this appeal. *See* Exhibit B, State Court Complaint; Exhibit I & J, Opening and Closing Arguments of plaintiff's counsel.

None of that proof was before this Court and, without it, the defendants will not be able to defend this court's decision on the grounds that further action is barred by the doctrine of *res judiciata*.

In order to address the three indicia adopted in <u>Interoceanica</u> on appeal, the defendants must establish that the facts underlying the substance of this federal case substantially identical to O'Connor's state court claim.  First, the overlapping facts are directly related in "time, space, origin or motivation."  In fact, the overlapping facts are identical.  The facts derive from the same event: the placement of O'Connor on administrative leave pending a psychiatric examination. In both cases, the central issue was O'Connor's refusal to sign a medical release, on grounds that he found the release to be "invasive" of his personal privacy.  The identical time periods are at issue. In the

state court case, O'Connor litigated the events of December 1999 through his return in February 2002. The very same events are at issue in his federal lawsuit. The same key players are present in each case. Both cases ask the court to prevent the Board from inquiring into Mr. O'Connor prior medical history, and/or to reimburse O'Connor for damages sustained as a result of the examination/leave process. *Compare* Complaint, Ruling and Order dated December 10, 2003 with Exhibit B, State Court Complaint; Exhibit I & J, Opening and Closing Arguments of plaintiff's counsel.

Second, the two claims (state and federal) would have formed a convenient trial unit, since both involved the same incident(s) and claims of privacy. Both claims involve the same witness, documents and other evidence. Of course, this interest in judicial economy is why the Congress gave Article III courts pendant or supplemental jurisdiction. 28 U.S.C. 1367; United Mine Workers of America v. Gibbs, 383 U.S. 715, 726 (1966).

Third, it seems clear that treating the overlapping facts as a single transaction would conform to the parties expectations since (1) plaintiff had originally filed the claims as one lawsuit and (2) defense counsel repeatedly requested the state court to stay the matter based improper claim splitting. Indeed, without the above-identified items supplemented into the record, the defendants' argument that the plaintiff's success in state court essential divests the federal court from continued jurisdiction over this case, rendering the appeal moot, is not as strong as it could be.

Accordingly, the items sought for supplementation into the record are necessary to establish the defendants' entitlement to the defense of *res judicata*.

### 3. Based on the Record as Supplemented, the Court Should Make Additional Findings.

The defendants submit that the court should make additional factual findings based on these items once supplemented into the record. The information contained in some of these items were before the court at the time it issued its ruling granting the defendants' Motion for Summary Judgment. In particular, the letter to the Court by Attorney Rose dated October 15, 2003 put the court on notice that its subject matter jurisdiction was implicated by the entry of judgment in the state court case approximately three months before the Court's ruling. *See* Exhibit A.

Specifically, the defendants seek findings that the state court action arose from a common nucleus of operative fact; that a judgment exists in that action against the defendants; that under Connecticut law, a Connecticut state court would afford preclusive effect to judgment; and under the law of Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75 (1984), the Court was required to extend that full faith and credit to the state court judgment. Each item above supports the requested findings.

Item 1 and 11 put this Court on notice of the existence of the judgment in state court and that the law of Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75 (1984) required this Court to extend that full faith and credit to the state court judgment. Items 2, 9, and 10, establish the common nucleus of operative fact. The state court complaint, when compared to the present complaint, shows the common nucleus of operative fact. The plaintiff's counsel's opening and closing arguments further illustrate the same common nucleus of operative fact. Items 1 and 3-8 put the plaintiff on notice of our argument to the state court and show that he could not have been surprised at this date of the jurisdictional issue now raised.

## III. **CONCLUSION.**

For the reasons set forth above, the court should grant the defendants' Motion to Supplement Record and for Additional Findings.

> THE DEFENDANTS,
> LYNNE B. PIERSON, ELLEN C. HEALY, CHRISTOPHER A. DUMAS, PATRICIA M. STRONG, CHRISTINE T. FORTUNATO, DONNA H. HEMMANN, STACEY HODGES, JOHN F. MORRIS, FREDERICK E. PETRELLI, JR., PENNY H. STANZIALE, and WETHERSFIELD BOARD OF EDUCATION
>
> /s/John J. Radshaw, III
> Michael J. Rose, ct14803
> John J. Radshaw III, ct19882
> HOWD & LUDORF
> 65 Wethersfield Avenue
> Hartford, CT  06114
> (860) 249-1361
> (860) 249-7665 (fax)

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via US Mail, to the following counsel of record this 21st day of July 2004.

Leon M. Rosenblatt, Esquire
Law Offices of Leon M. Rosenblatt
10 North Main Street, Suite 214
West Hartford, CT  06107-1988

> /s/John J. Radshaw, III
> Michael J. Rose
> John J. Radshaw III