UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS O'CONNOR, | : | NO.: 3:00CV339 (RNC) |
| v. | : | |
| LYNNE B. PIERSON, ET AL | : | JANUARY 13, 2006 |

**ANSWER AND AFFIRMATIVE DEFENSES TO AMENDED COMPLAINT**
**DATED APRIL 28, 2000**

    This Court never ruled on the defendants' motion to dismiss. As such, these defendants had never answered the complaint.

**FIRST COUNT**: **(Temporary and Permanent Injunction)**

    1.    As to paragraph 1, the defendants admit that Thomas O'Connor was a tenured teacher in Wethersfield, Connecticut, and that he was employed by the Wethersfield Board of Education from 1982 until 2003. The remainder of paragraph 1 is denied.

    2.    As to paragraph 2, the defendants admit that Lynne B. Pierson was the Superintendent of Schools in Wethersfield. As to the remainder of paragraph 2, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

3. That portion of paragraph 3 which states: "Later in March, the plaintiff was placed on administrative leave with pay by Assistant Superintendent of Schools, Robert B. Buganski, while an investigation was conducted over a number of allegations" is admitted. As to the remainder of paragraph 3, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

4. That portion of paragraph 4 which states: "On March 29,1999, the defendants were informed by Dr. Fred G. Rubin, the plaintiff's cardiologist, that the plaintiff was very depressed and anxious as a result of his employment situation and that he was suffering from chest pain." is denied. As to the remainder of paragraph 4, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

5. Those portions of paragraph 5 which state: "Between March, 1999 and September 3, 1999, Buganski and the defendants' attorney, Gary S. Starr, of Shipman and Goodwin, LLP, conducted an investigation into the plaintiff's performance" and "the defendants concluded on November 4, 1999 that the plaintiff needed remediation," are admitted. The remainder of paragraph 5 is denied.

6. Paragraph 6, is admitted.

7. Paragraphs 7, 9, 10, 16, 17, 18, 19, 21, and 22 are denied.

8. As to paragraph 8, the defendants admit that the plaintiff informed them that he had an appointment scheduled with Dr. Rubin for November 22, 1999, and that the Board followed up with the plaintiff advising him of the need for medical certification. As to the remainder of paragraph 8, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

9. As to paragraphs 11, 12, 14, 20, and 23, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

10. That portion of paragraph 13 which states: "the plaintiff declined to sign a release" is admitted. As to the remainder of paragraph 13, the defendants do not have sufficient knowledge or information upon which to base a belief or opinion about the truth of the matters contained therein and, therefore, leave the plaintiff to his burden of proof.

11. As to paragraph 15, the defendants admit that they warned the plaintiff that his failure to scheduled another appointment with the psychiatrist would be deemed insubordination. The remainder of paragraph 15 is denied.

**SECOND COUNT**:  **(Negligent Infliction of Emotional Distress)**

    12.    The answers to paragraphs 1 through 21 of the First Count are hereby made the answers to paragraphs 1 through 21 of the Second Count, as if fully set forth herein.

    13.    Paragraph 22 is denied.

**THIRD COUNT**:    **(Intentional Infliction of Emotional Distress)**

    14.    The answers to paragraphs 1 through 21 of the First Count are hereby made the answers to paragraphs 1 through 21 of the Third Count, as if fully set forth herein.

    15.    Paragraphs 22 and 23 are denied.

**FOURTH COUNT**:  **(Invasion of Privacy)**

    16.    The answers to paragraphs 1 through 21 of the First Count are hereby made the answers to paragraphs 1 through 21 of the Fourth Count, as if fully set forth herein.

    17.    Paragraphs 22 and 23 are denied.

**FIFTH COUNT**:    **(Federal Civil Rights; 42 USC Section 1983)**

    18.    The answers to paragraphs 1 through 21 of the First Count are hereby made the answers to paragraphs 1 through 21 of the Fifth Count, as if fully set forth herein.

    19.    Paragraph 22 is denied.

**SIXTH COUNT**:     **(State Constitutional Claim)**

20. The answers to paragraphs 1 through 21 of the First Count are hereby made the answers to paragraphs 1 through 21 of the Sixth Count, as if fully set forth herein.

21. Paragraph 22 is denied.

**SEVENTH COUNT**:     **(Intentional Interference with Beneficial and Contractual Relations)**

22. The answers to paragraphs 1 through 21 of the First Count are hereby made the answers to paragraphs 1 through 21 of the Seventh Count, as if fully set forth herein.

23. Paragraph 22 is denied.

## BY WAY OF AFFIRMATIVE DEFENSES

**FIRST COUNT**:

**First Affirmative Defense**:

Count one is moot as the plaintiff agreed to see another psychiatrist and was returned to work.

**Second Affirmative Defense**:

The plaintiff has failed to exhaust the available grievance procedure.

**Third Affirmative Defense**:

This claim is barred by the doctrine of res judicata.

**SECOND COUNT**:

**First Affirmative Defense**:

    This claim is barred by the doctrine of res judicata.

**Second Affirmative Defense**:

    This claim is barred by the doctrine of collateral estoppel.

**Third Affirmative Defense**:

    This claim is barred by the doctrine of governmental immunity both at common law and pursuant to Conn. Gen. Stat. §52-557n(a)(2)(B).

**Fourth Affirmative Defense**:

    The plaintiff fails to state a claim upon which relief may be granted.

**Fifth Affirmative Defense**:

    The plaintiff has failed to exhaust the available grievance procedure.

**THIRD COUNT**:

**First Affirmative Defense**:

    This claim is barred by the doctrine of res judicata.

**Second Affirmative Defense**:

    This claim is barred by the doctrine of collateral estoppel.

**Third Affirmative Defense**:

    This claim is barred by the doctrine of governmental immunity both at common law and pursuant to Conn. Gen Stat. 52-557n(a)(2)(A).

**Fourth Affirmative Defense**:

The plaintiff fails to state a claim upon which relief may be granted.

**Fifth Affirmative Defense**:

The plaintiff has failed to exhaust the available grievance procedure.

**FOURTH COUNT**:

**First Affirmative Defense**:

This claim is barred by the doctrine of res judicata.

**Second Affirmative Defense**:

This claim is barred by the doctrine of collateral estoppel.

**Third Affirmative Defense**:

This claim is barred by the doctrine of governmental immunity both at common law and pursuant to Conn. Gen. Stat. 52-557n(a)(2)(A).

**Fourth Affirmative Defense**:

The plaintiff fails to state a claim upon which relief may be granted.

**Fifth Affirmative Defense**:

The plaintiff has failed to exhaust the available grievance procedure.

**FIFTH COUNT**:

**First Affirmative Defense**:

This claim is barred by the doctrine of res judicata.

**Second Affirmative Defense**:

    The plaintiff fails to state a claim upon which relief may be granted.

**Third Affirmative Defense**:

    Dr. Pierson is entitled to qualified immunity.

**SIXTH COUNT**:

**First Affirmative Defense**:

    This claim is barred by the doctrine of res judicata.

**Second Affirmative Defense**:

    This claim is barred by the doctrine of collateral estoppel.

**Third Affirmative Defense**:

    The plaintiff fails to state a claim upon which relief may be granted.

**SEVENTH COUNT**:

**First Affirmative Defense**:

    This claim is barred by the doctrine of res judicata.

**Second Affirmative Defense**:

    This claim is barred by the doctrine of collateral estoppel.

**Third Affirmative Defense**:

    The plaintiff fails to state a claim upon which relief may be granted.

**Fourth Affirmative Defense**:

    The plaintiff has failed to exhaust the available grievance procedure.

        DEFENDANTS,
        LYNNE B. PIERSON, ELLEN C.
        HEALY, CHRISTOPHER A. DUMAS,
        PATRICIA M. STRONG, CHRISTINE T.
        FORTUNATO, DONNA H. HEMMANN,
        STACEY HODGES, JOHN F. MORRIS,
        FREDERICK E. PETRELLI, JR.,
        PENNY H. STANZIALE, and
        WETHERSFIELD BOARD OF
        EDUCATION


        By/s/Alexandria L. Voccio
           Alexandria L. Voccio [ct21792]
           Howd & Ludorf, LLC
           65 Wethersfield Avenue
           Hartford, CT  06114
           (860) 249-1361
           (860) 249-7665 (Fax)
           E-Mail: avoccio@hl-law.com

## **CERTIFICATION**

      This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 13th day of January, 2006.

Leon M. Rosenblatt, Esquire
Law Offices of Leon M. Rosenblatt
10 North Main Street, Suite 214
West Hartford, CT  06107-1988

                                                 /s/Alexandria L. Voccio
                                                 Alexandria L. Voccio