UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS O'CONNOR, | : | NO.: 3:00CV339 (RNC) |
|     Plaintiff | : | |
| | : | |
| v. | : | |
| | : | |
| LYNNE B. PIERSON, ELLEN C. | : | |
| HEALY, CHRISTOPHER A. DUMAS, | : | |
| PATRICIA M. STRONG, CHRISTINE | : | |
| T. FORTUNATO, DONNA H. HEMMANN, | : | |
| STACEY HODGES, JOHN F. MORRIS, | : | |
| FREDERICK E. PETRELLI, JR., | : | |
| PENNY H. STANZIALE, and | : | |
| WETHERSFIELD BOARD OF EDUCATION: | | |
|     Defendants | : | JANUARY 13, 2006 |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

**I.   BACKGROUND:**

The plaintiff, Thomas O'Connor, initiated this lawsuit against his former employer, the Wethersfield Board of Education, the former Superintendent of Schools, Lynne Pierson, and nine Board of Education members, in Connecticut Superior Court on January 27, 2000.[1]  The defendants removed the case to the United States District Court on February 22, 2000 pursuant to 28 U.S.C. §1343.

---

[1] The nine Board of Education members have been sued in their official capacity only. Such claims are treated as direct claims against the municipal entity.

The operative complaint is the Second Amended Complaint dated April 28, 2000. In the First Count, the plaintiff sought a temporary and permanent injunction enjoining the defendants from forcing the plaintiff to undergo a psychiatric examination. That count is now moot. In Counts Two through Seven, the plaintiff alleged negligent infliction of emotional distress (Count Two), intentional infliction of emotional distress (Count Three), invasion of privacy (Count Four), deprivation of property and liberty interests under 42 U.S.C. §1983 (Count Five), deprivation of rights under the Connecticut Constitution (Count Six), and intentional interference with beneficial and contractual relations (Count Seven).

In July 2000, following an expedited discovery schedule, the parties filed cross-motions for summary judgment. On February 27, 2001, United States Magistrate Judge Donna Martinez issued a recommended ruling dismissing all federal claims, and declining to exercise jurisdiction over the state law claims. Pursuant to 28 U.C.S. §638, the plaintiff objected to the recommended ruling. On March 29, 2001, the District Court (Chatigny, J.) adopted the Magistrate Judge's recommended ruling as to the procedural due process claim, but deferred its ruling as to the plaintiff's substantive due process claim, Dr. Pierson's qualified immunity defense, and the pendent state law claims.

On June 11, 2001, while awaiting the District Court's *de novo* review of the recommended ruling on the cross-motions for summary judgment, the plaintiff filed a new lawsuit in Connecticut Superior Court against the Wethersfield Board of Education. By way of an eight-count amended complaint, the plaintiff alleged breach of contract

(Count One), refusal to pay wages in violation of Conn. Gen. Stat. §31-71a *et seq.* (Count Two), wrongful constructive discharge (Count Three), violation of his rights under the Connecticut Constitution (Count Four), negligent infliction of emotional distress (Count Five), intentional infliction of emotional distress (Count Six), tortuous invasion of privacy (Count Seven), and retaliation in violation of his first amendment rights pursuant to Conn. Gen. Stat. §31-51q (Count Eight). See Amended Complaint, dated June 10, 2003, attached as **Exhibit A**.

    The defendant filed a motion for summary judgment as to all eight counts. The Superior Court (Booth, J.) granted summary judgment in favor of the defendant as to Counts One, Two, Three, and Four. See Memorandum of Decision, dated July 7, 2003, attached as **Exhibit B**. Upon reconsideration, the Court also granted summary judgment in favor of the defendant as to Count Five. See Memorandum of Decision, dated August 22, 2003, attached as **Exhibit C**. The common law claims of intentional infliction of emotional distress and tortuous invasion of privacy, and the statutory claim pursuant to §31-51q, proceeded to trial in September 2003.

    At trial, the plaintiff litigated the events between March 1999 and his return to teaching in February 2002. See Transcript of Opening Arguments, attached as **Exhibit D**; and Transcript of Closing Arguments, attached as **Exhibit E**. On September 19, 2003, the jury returned a verdict in favor of the plaintiff as to the tortuous invasion of privacy claim. See Verdict Forms, attached as **Exhibit F**. The jury found for the defendant on the remaining two counts. See **Exhibit F**. The plaintiff was awarded

damages in the amount of $162,500.  See **Exhibit F**.  The Court denied the defendant's post-trial motions and, in accordance with the jury verdict, entered judgment in favor of the plaintiff on October 31, 2003.[2]  See Notice of Judgment, attached as **Exhibit G**.

Meanwhile, on September 28, 2001, the District Court reconsidered its earlier ruling, and held that Dr. Pierson was entitled to qualified immunity.  At the time of the state court judgment, the District Court had yet to issue a ruling as to either the plaintiff's substantive due process claim or the pendent state law claims.  A ruling on those claims followed six weeks after the state court judgment entered.  On December 10, 2003, the District Court granted summary judgment in favor of the defendant as to the substantive due process claim and remanded the pendent state law claims to Superior Court.  Judgment entered in favor of the defendants in this federal lawsuit on December 16, 2003.

Appeals were taken from both the state and the federal court judgments.  On July 5, 2005, the Connecticut Appellate Court reversed the state court judgment and remanded with direction to set aside the verdict and render judgment in favor of the defendant.  See O'Connor v. Board of Educ. of Town of Wethersfield, 90 Conn. App. 59, 877 A.2d 860 (2005).  The Connecticut Supreme Court denied the plaintiff's petition for certification.  See O'Connor v. Board of Educ. of Town of Wethersfield, 275 Conn. 912, 882 A.2d 675 (2005).

---

[2] The fact that the plaintiff prevailed on one count of a nine-count complaint is not crucial to the res judicata argument.  Res judicata applies, not if a party prevails, but when a party has had a full and fair opportunity to litigate a claim and judgment ensued.

On October 11, 2005, the Second Circuit Court of Appeals affirmed the judgment in favor of the defendants as to the procedural due process claim, but vacated the judgment as to the substantive due process claim.[3] Before reaching this decision on the merits, the Court of Appeals declined to consider the defense of res judicata or claim preclusion on the basis that the defense was not properly asserted at the District Court.

On remand, the defendants, Lynn B. Pierson, Ellen C. Healy, Christopher A. Dumas, Patricia M. Strong, Christine T. Fortunato, Donna H. Hemmann, Stacey Hodges, John F. Morris, Frederick E. Petrelli, Penny H. Stanziale, and Wethersfield Board of Education (collectively referred to herein as the Wethersfield Board of Education), now move for summary judgment on the basis of res judicata or claim preclusion. The plaintiff made a tactical decision to launch a two-front attack against the Wethersfield Board of Education in two separate courts, challenging the identical actions of the Board in both venues. The plaintiff must now live with the judgment that entered first in the state court matter.

## II.    LAW AND ARGUMENT:

### A.    Summary Judgment Standard

The court shall render summary judgment when the "pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

---

[3] The plaintiff did not appeal the District Court's ruling granting qualified immunity to Dr. Pierson, the only named individual defendant who was sued in her individual capacity.

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56c; <u>Anderson v. Liberty Lobby</u>, 477 U.S. 242, 250 (1986).  A factual dispute is "genuine" when the evidence is such that a reasonable jury can return a verdict for the non-moving party.  <u>See Anderson</u>, 477 U.S. at 247-48.  A "material fact" is one whose resolution will effect the ultimate determination of a case.  <u>See</u> <u>id</u>.

In determining whether a material issue of fact exists, the court must resolve all ambiguities and draw all inferences against the moving party.  <u>See</u> <u>Anderson</u>, 477 U.S. at 255.  However, "[t]he mere existence of a scintilla of evidence in support of the non-movant's position will be insufficient; there must be evidence on which the jury could reasonably find for the [non-movant]."  <u>Hayut v. State University of New York</u>, 352 F.3d 733, 743 (2nd Cir. 2003).  "[T]he nonmoving party must come forward with specific facts showing that there is a <u>genuine</u> <u>issue</u> <u>for</u> <u>trial</u>."  <u>Caldarola v. Calabrese</u>, 298 F.3d 156, 160 (2nd Cir. 2002), <i>quoting</i>, <u>Matsushita Elec. Indus. Co. v. Zenith Radio Corp.</u>, 475 U.S. 574, 586-87 (1986) (underline in original).  A non-moving party may not rely on mere allegations, legal conclusions, unsupported statements, or a denial of the pleadings.  <u>See</u> <u>Celotex Corp. v. Catrett</u>, 477 U.S. 317, 327 (1986).

The defense of res judicata may be decided at the summary judgment stage.  <u>See</u> <u>e.g.</u>, <u>Allen v. McCurry</u>, 449 U.S. 90, 94, 101 S.Ct. 411 (1980); <u>Migra v. Warren City School Dist. Bd. of Ed.</u>, 465 U.S. 75, 104 S.Ct. 892 (1984).

6

### B.     The Defendants Are Entitled To Summary Judgment Pursuant To The Doctrine Of Res Judicata.

"Res judicata", or claim preclusion, holds that "a final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." Allen v. McCurry, 449 U.S. 90, 94, 101 S.Ct. 411 (1980). If, after a final judgment is rendered in any judicial tribunal of concurrent jurisdiction, a party pursues the same cause of action, the prior "judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made." Efthimiou v. Smith, 268 Conn. 499, 506, 846 A.2d 222 (2004), *quoting*, Wade's Dairy, Inc. v. Fairfield, 181 Conn. 556, 559-60, 436 A.2d 24 (1980).

> A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and to which entitles the plaintiff to relief. Even though a single group of facts may give rise to rights for several different kinds of relief, it is still a single cause of action.

Wade's Dairy, 181 Conn. at 560.

As noted by the Connecticut Supreme Court, the doctrine of res judicata "should be applied as necessary to promote its underlying purposes." Efthimiou, 268 Conn. at 506, *quoting*, Statewide Grievance Committee v. Presnick, 216 Conn. 135, 139, 577 A.2d 1058 (1990). Those purposes are: (1) to promote judicial economy by minimizing repetitive litigation; (2) to prevent inconsistent judgments which undermine the integrity of the judicial system; and (3) to provide repose…." Id.

In 1984, the United States Supreme Court decided the seminal case of Migra v. Warren City School Dist. Bd. of Ed., 465 U.S. 75, 104 S.Ct. 892 (1984). In Migra, the

7

defendant board of education adopted a resolution renewing the plaintiff's employment as a teacher for the upcoming school year.  See id. at 78.  Shortly after the plaintiff accepted the appointment, the board voted not to renew her employment.  See id.  The plaintiff filed suit in the Ohio Court of Common Pleas alleging breach of contract by the board and wrongful interference by the individual board members.  See id.  The trial court held that a binding contract of employment had been created and that the board's actions purporting not to renew the plaintiff's employment had no legal effect.  See id. at 78-79.  The Ohio Court of Appeals affirmed, and the Ohio Supreme Court denied review.  See id. at 79.

Thereafter, the plaintiff filed a §1983 action in the United States District Court for the Northern District of Ohio alleging violations of her First, Fifth and Fourteenth Amendment rights.  See Migra, 465 U.S. at 80.  The plaintiff alleged that her earlier termination was in retaliation for her efforts to racially desegregate the school district. See id. at 79.  The board moved for summary judgment on the ground of res judicata. See id. at 80.  The district court granted the defendant's motion, and the court of appeals affirmed.  See id..  The United States Supreme Court granted certiorari and affirmed, holding that the plaintiff's state court judgment has the same claim preclusive effect in federal court that the judgment would have in Ohio state courts.  Id. at 85.  "[A] federal court must give to a state-court judgment the same preclusive effect as would be given that judgment under the law of the State in which the judgment was rendered." Id. at 81, *citing*, Allen, 449 U.S. at 96, and Kremer v. Chemical Construction Corp., 456

U.S. 461, 102 S.Ct. 1883 (1982) ("Section 1738 requires federal courts to give the same preclusive effect to state court judgment that those judgments would be given in the court of the state from which the judgment emerged.").

In rendering its decision, the Migra Court explained that "Section 1983...does not override state preclusion law and guarantee petitioner a right to proceed to judgment in state court on her state claims and then turn to federal court for adjudication of her federal claims." Id. at 85. On the contrary, "it is more important to give full faith and credit to state-court judgments than to ensure separate forums for federal and state claims." Id. at 84. "Congress has specifically required all federal courts to give preclusive effect to state-court judgments whenever the courts of the State from which the judgments emerged would do so." Id. at 81, *quoting*, Allen, 449 U.S. at 96. Unable to determine whether the district court applied Ohio preclusion law, the Supreme Court remanded the case for further proceedings consistent with its opinion. Migra, 465 U.S. at 87.

In light of Migra, this Court must interpret and apply Connecticut law in determining whether the state court judgment has preclusive effect on the instant action. The answer is yes.

Under Connecticut law, "a former judgment on the merits, is [pursuant to the doctrine of res judicata or claim preclusion] an absolute bar to a subsequent action on the same claim. Claim preclusion prevents the pursuit of any claims relating to the cause of action which were actually made or might have been made." Joe's Pizza, Inc.

v. Aetna Life & Casualty Co., 236 Conn. 863, 872, 675 A.2d 441 (internal citations omitted); see also, Isaac v. Truck Service, Inc., 253 Conn. 416 (2000); Fink v. Golenbock, 238 Conn. 183, 191 (1996); State v. Aillon, 189 Conn. 416, 423-24, cert. denied, 464 U.S. 837, 104 S.Ct. 124 (1983). "The doctrine of res judicata applies … as to the parties and their privies in all other actions in the same or any other judicial tribunal of concurrent jurisdiction and promotes judicial economy by preventing relitigation of issues or claims previously resolved." Joe's Pizza, 236 Conn. at 872 (internal citations omitted).

In Daoust v. McWilliams, 49 Conn. App. 715, 717, 716 A.2d 922 (1998), the plaintiff's dog was shot by the defendant in his capacity as a police officer. The plaintiff commenced a §1983 action in district court based on alleged violations of his rights under the First, Fourth, Fifth and Fourteenth Amendments. See id. The plaintiff also alleged intentional infliction of emotional distress, wanton injury to property, malicious prosecution, vexatious suit, and conspiracy. See id. The court disposed of the federal claims on a motion to dismiss and motion for summary judgment, and declined to exercise jurisdiction over the state law tort claims. See id. at 717-18. Subsequently, the plaintiff filed an action in state court alleging deprivation of his rights under the state constitution, assault and battery, intentional infliction of emotional distress, wanton injury to the plaintiff's dog, malicious prosecution, vexatious suit, abuse of process and conspiracy; intentional spoliation of evidence, invasion of privacy, and negligence. See

id. at 718.  The trial court granted summary judgment as to all claims.  See id. at 718-19.

On appeal, the Appellate Court found that both suits were based on the same cause of action even though different claims for relief could be available.  Id. at 722.  The Court then analyzed the doctrines of collateral estoppel and res judicata as follows:

> Unlike collateral estoppel, under which preclusion occurs only if a claim actually has been litigated, under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, if rendered on the merits, is an absolute bar to a subsequent action on the same claim or any claim based on the same operative facts that might have been made…. The appropriate inquiry with respect to claim preclusion is whether the party had an adequate opportunity to litigate the matter in the earlier proceeding.

Daoust, 49 Conn. App. at 723-34, *citing*, Joe's Pizza, 236 Conn. at 871-72.  The Court referred to the Restatement (Second) of Judgments and set forth the following test for determining whether a party had an adequate opportunity to litigate their claims:

> When the plaintiff brings an action on a claim in a court, either state or federal, in which there is no jurisdictional obstacle to his advancing both theories or grounds, but he presents only one of them, and judgment is entered with respect to it, he may not maintain a second action in which he tenders the other theory or ground.  If however, the court in the first action would *clearly not have had jurisdiction* to entertain the omitted theory or ground (or, having jurisdiction, would *clearly have declined to exercise it as a matter of discretion*), then a second action in a competent court presenting the omitted theory or ground should not be precluded.

Daoust, 49 Conn. App. at 724 (emphasis in original), *citing*, Restatement (Second) of Judgments, §25, comment (e).

Applying the above test, the Appellate Court held that any claims that were actually litigated in the summary judgment proceedings in federal court were barred by

11

the doctrine of res judicata, as were any claims that were not asserted in the federal complaint as it could not be said that the federal court would clearly have declined to exercise pendent jurisdiction even though the court did decline to exercise pendent jurisdiction over the other claims. Daoust, 49 Conn. App. at 725-30. Ultimately, the only claims that were not precluded by the doctrine of res judicata were those over which the court did in fact decline to exercise supplemental jurisdiction. Id.

In Virgo v. Lyons, 209 Conn. 497, 498, 551 A.2d 1243 (1998), the plaintiff claimed that he was a victim to a false arrest and an unjust use of force. He brought a §1983 action in federal court and prevailed. See id. at 499. The jury awarded him $25,000 in compensatory damages. See id. Five days after the verdict, the plaintiff commenced another action in state court alleging negligence and assault and battery. See id. The trial court entered summary judgment in favor of the defendants. See id. at 500. The Connecticut Supreme Court affirmed the dismissal on the ground that a plaintiff could not be compensated twice for the same injuries. Id. at 510. The Court reasoned that "the interests protected in a 1983 action are similar to those protected in common law tort actions," and the damages are generally determined by the same rules. Id.

In Dontigney v. Roberts, 73 Conn. App. 709, 809 A.2d 539 (2002), the plaintiff filed suit in state court after previously losing in a small claims action. In the small claims action, the plaintiff alleged breach of contract, fraud, and deprivation of his human and civil rights. See id. at 711. After trial, the small claims court concluded that

the plaintiff lacked standing to bring the breach of contract claim and that the plaintiff had failed to prove his other claims. See id. In the state court action, the plaintiff sought damages for, *inter alia*, breach of contract. See id. at 710. The trial court granted summary judgment in favor of the defendant on the basis of res judicata. See id. The Appellate Court affirmed, noting that the plaintiff's claims arose out of the same transaction that was the subject of the small claims suit. Id. at 711-12.

In Cabrera v. Connecticut Department of Social Services, 2002 Ct. Sup. 10471 (Conn. Super. Ct. Aug. 19, 2002) (McLachlan, J.) (attached as **Exhibit H**), the plaintiff, after prevailing on a Title VII claim in federal court, filed an employment discrimination action in state court pursuant to Conn. Gen. Stat. §46a-60, Connecticut Fair Employment Practices Act (CFEPA). In her federal action, the plaintiff had also sought relief under §46a-60, but the claim was dismissed on Eleventh Amendment grounds. See id. Both parties moved for summary judgment in the state court action. The plaintiff argued that she was entitled to judgment in her favor because the issues underlying both the CFEPA and the Title VII claims were identical. See id. The defendants agreed that the underlying facts and claims were identical and argued that the CFEPA claim was therefore barred by the doctrine of res judicata. See id. The court agreed with the defendants, and granted summary judgment in their favor. Id. at *10475. The court noted that "there was nothing that prevented plaintiff from seeking federal and state law relief in the State courts." Id.

In this case, the plaintiff's state court action finally concluded when the Connecticut Supreme Court denied the plaintiff's petition for certification. The doctrine of res judicata applies, however, even if the judgment is on appeal. See Carnemolla v. Walsh, 75 Conn. App. 319, 327-78, 815 A.2d 1251 (2003); Salem Park, Inc. Salem, 149 Conn. 141, 144, 176 A.2d 571 (1961); Capalbo v. Planning & Zoning Board of Appeals, 208 Conn. 480, 488, 547 A.2d 528 (1988). As such, these doctrines became a bar to the instant action when the Connecticut Superior Court entered judgment in favor of the plaintiff on October 31, 2003.

It is undisputed that the plaintiff filed two separate lawsuits against the same defendant, and that the second of those lawsuits reached judgment first. Several of the claims filed in the lawsuits are identical. Moreover, the facts underlying both lawsuits are identical. The same cause of action is at issue in both cases. The alleged wrongful conduct that is challenged in both lawsuits occurred prior to the filing of the plaintiff's first lawsuit in January 2000.

As explained above, the doctrine of res judicata is an absolute bar to the relitigation of any claims or issues that have already been litigated to judgment. See Joe's Pizza, 236 Conn. at 872; Fink, 238 Conn. at 191. In this case, the plaintiff brought four identical claims in both state and federal court: negligent infliction of emotional distress, intentional infliction of emotional distress, invasion of privacy, and violation of rights under the Connecticut Constitution. The parties fully litigated these claims in the state court action. The Superior Court dismissed the negligent infliction of emotional

distress claim and the Connecticut Constitutional claim at summary judgment and the two remaining claims proceeded to trial.  The jury returned a verdict in favor of the plaintiff as to the invasion of privacy claim and judgment entered accordingly.

Because each of these four claims was fully litigated to judgment, res judicata bars the relitigation of these same claims in the instant action.

The doctrine of res judicata likewise bars the relitigation of any claims that could have been raised in the prior proceeding.  Joe's Pizza, 236 Conn. at 872; Daoust, 49 Conn. App. at 724; Allen, 449 U.S. at 94; Efthimiou, 268 Conn. at 506; Wade's Dairy, 181 Conn. at 559-60.  The only remaining claims in this case that were not actually brought in the state court action are the §1983 claims and the common law claim of intentional interference with beneficial and contractual relations.  Those claims, however, could have been brought in the Superior Court action.

"[N]othing in the language of §1983 remotely expresses any congressional intent to contravene the common-law rules of preclusion…," and the United States Supreme Court has explicitly held that claim preclusion is in fact applicable to §1983 claims.  Migra, 465 U.S. at 82-83.

In the broadest sense, the plaintiff's claims in both lawsuits stem from the following events:

(i)     The Board's placement of O'Connor on paid administrative leave on March 25, 1999 (see Second Amended Complaint, ¶¶3, 19; and Amended Complaint, ¶4);

15

(ii) The Board's internal investigation between March 1999 and September 1999 into allegations of professional misconduct made against O'Connor (see Second Amended Complaint, ¶¶5, 19; and **Exhibit A**, ¶5);

(iii) The Board's demand for written certification of O'Connor's medical fitness for duty after Dr. Rubin's October 25, 1999 letter indicating that O'Connor could return to work from a cardiac standpoint (see Second Amended Complaint, ¶¶6, 8; and **Exhibit A**, ¶8);

(iv) The Board's demand, on December 7, 1999 and thereafter, that O'Connor undergo a psychiatric examination (see Second Amended Complaint, ¶¶9, 10, 15, 19; and **Exhibit A**, ¶¶12, 18, 32);

(v) The psychiatrist's examination of O'Connor on January 4, 2000 (see Second Amended Complaint, ¶¶11, 12, 16, 19; and **Exhibit A**, ¶¶15, 16);

(vi) The Board's demand that O'Connor sign an unrestricted release authorizing disclosure of prior medical and psychological records (see Second Amended Complaint, ¶¶13, 15, 19; and **Exhibit A**, ¶¶13, 14, 18, 31, 32); and

(vii) The Board's placement of O'Connor on sick leave and continued refusal to return him to work (see Second Amended Complaint, ¶¶9, 17, 18, 19; and **Exhibit A**, ¶23, 29, 33).

These are the same events or alleged operative facts underlying both lawsuits, and these events occurred prior to the plaintiff's filing of his second lawsuit in state

court.  At trial, the plaintiff fully litigated these events/facts, including the Board's continued refusal to return O'Connor to work until February 2002.

There was no jurisdictional obstacle to the plaintiff bringing his §1983 claims or the intentional interference claim in state court.  Therefore, the plaintiff is now precluded from pursuing these claims in this forum.  See Daoust, 49 Conn. App. at 724, *citing*, Restatement (Second) of Judgments, §25, comment (e).

As stated previously, a prior "judgment is a bar with respect to any claims relating to the cause of action which were actually made or which might have been made." Efthimiou, 268 Conn. at 506, *quoting*, Wade's Dairy, 181 Conn. at 559-60.  "A cause of action is that single group of facts which is claimed to have brought about an unlawful injury to the plaintiff and to which entitles the plaintiff to relief."  Wade's Dairy, 181 Conn. at 560.  Here, the group of facts that allegedly brought about an unlawful injury to the plaintiff in both lawsuits is, *inter alia*, the request that he sign the authorization releasing his prior medical records, the requirement that he undergo a psychiatric examination, and his placement on sick leave.  This group of facts or cause of action was fully litigated in the state court action.

"A plaintiff cannot avoid the effects of res judicata by splitting his claim into various suits, based on different legal theories (with different evidence 'necessary' to each suit)."  Waldman v. Village of Kiryas Joel, 207 F.3d 100, 105 (2nd Cir. 2000).  "It is the identity of the facts surrounding the occurrence which constitutes the cause of action, not the legal theory upon which plaintiff chose to form [his] complaint."  Id, *citing*,

Woods v. Dunlop Tire Corp., 972 F.2d 36, 39 (2nd Cir. 1992); MOORE'S FEDERAL PRACTICE, 1B ¶0.410[2]; see also, Sure-Snap Corp. v. State Street Bank & Trust Co., 948 F.2d 869, 875 (2nd Cir. 1991) (finding that a claim for tortuous infliction of emotional distress against creditors should have been brought as part of a prior bankruptcy proceeding and was therefore barred by res judicata).

The same parties are also involved in both the plaintiff's lawsuits: Thomas O'Connor and the Wethersfield Board of Education. The individual Board members have been sued only in their official capacities, and as such, the claims against the Board members are to be treated as claims against the Board itself. Nonetheless, as members of the Wethersfield Board of Education, and because there are no allegations against the Board members outside of said membership, the Board members are at the very least parties in privity with the Board. Dr. Pierson, as Superintendent of Schools, is likewise a party in privity with the Wethersfield Board of Education. Indeed, Dr. Pierson testified during the state court trial. And Dr. Pierson is the individual who made the decisions to send the plaintiff for a fitness for duty evaluation, to request a signed authorization because Dr. Schwartz had expressed a need for the plaintiff's prior medical records, and to place the plaintiff on sick leave.

There is no dispute that a final judgment was rendered in the state court action, and presumably there is no dispute that the Connecticut Superior Court has concurrent jurisdiction over the claims asserted in this action.

Therefore, under Connecticut law, the judgment rendered in the state court action is a bar with respect to all of the plaintiff's claims in this case because they all relate to the same cause of action or set of underlying facts.

### III.  CONCLUSION:

For the foregoing reasons, the Court should enter summary judgment in favor of the defendants as to the plaintiff's Second Amended Complaint in its entirety.

DEFENDANTS,
LYNNE B. PIERSON, ELLEN C. HEALY, CHRISTOPHER A. DUMAS, PATRICIA M. STRONG, CHRISTINE T. FORTUNATO, DONNA H. HEMMANN, STACEY HODGES, JOHN F. MORRIS, FREDERICK E. PETRELLI, JR., PENNY H. STANZIALE, and WETHERSFIELD BOARD OF EDUCATION


By/s/Alexandria L. Voccio
    Alexandria L. Voccio [ct21792]
    Howd & Ludorf, LLC
    65 Wethersfield Avenue
    Hartford, CT  06114
    (860) 249-1361
    (860) 249-7665 (Fax)
    E-Mail:  avoccio@hl-law.com

## **CERTIFICATION**

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. Mail, to the following counsel of record this 13th day of January 2006.

Leon M. Rosenblatt, Esquire
Law Offices of Leon M. Rosenblatt
10 North Main Street, Suite 214
West Hartford, CT  06107-1988

<div style="text-align: right">

/s/Alexandria L. Voccio
Alexandria L. Voccio

</div>