| | |
|---|---|
| DOCKET NO. CV 01-0808376S | : SUPERIOR COURT |
| THOMAS O'CONNOR | : JUDICIAL DISTRICT OF HARTFORD |
| VS. | : AT HARTFORD |
| WETHERSFIELD BOARD OF EDUCATION | : AUGUST 21, 2003 |

### MEMORANDUM OF DECISION ON DEFENDANT'S MOTION FOR RECONSIDERATION REGARDING COUNT FIVE (NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS)

On July 7, 2003, this Court issued a Memorandum of Decision on the defendant's Motion for Summary Judgment and the plaintiff's Cross-Motion for Partial Summary Judgment.

In that memorandum the Court denied the defendant's Motion for Summary Judgment with regard to the plaintiff's claim of negligent infliction of emotional distress. In denying the Motion for Summary Judgment the Court considered <u>Parsons vs. United Technologies Corporation</u>, 243 Conn. 66 (1997) which set forth the elements of the cause of action. The Court also considered the possibility of municipal immunity and found an exception to municipal immunity as set forth in <u>Colon vs. City of New Haven</u>, 60 Conn. App. 178, cert. denied, 225 Conn. 908 (2000).

The Court did not consider nor did it discuss the Supreme Court's opinion in <u>Perodeau vs. City of Hartford</u>, 259 Conn. 729 (2002).

SUPERIOR COURT
OFFICE OF THE CLERK

Aug 22 2 06 PM '03

EXHIBIT C

In <u>Perodeau</u> the majority opinion held:

> "We conclude, therefore, that an individual municipal employee may not be found liable for negligent infliction of emotional distress arising out of conduct occurring within a continuing employment context, as distinguished from conduct occurring in the termination of employment."

<u>Perodeau</u> at 762, 763.

<u>Perodeau</u> makes clear that an employee such as Mr. O'Connor cannot sue another employee of the Wethersfield Board of Education for negligent infliction unless the conduct complained of occurred in the termination process. In the Memorandum of Decision in this case, this Court determined that no termination or constructive termination occurred. While the plaintiff may not agree with the Court in this regard, he does not argue, with regard to negligent infliction, that the offense occurred in the termination process. Where the present case differs factually from <u>Perodeau</u> is that there are no individual employee defendants. The only defendant is the employer itself, the Wethersfield Board of Education. The question faced by the Court upon this reconsideration is whether that difference is enough to take the case out of the rule announced in <u>Perodeau</u>. In argument on this matter, neither counsel was entirely clear on whether <u>Perodeau</u> was binding precedent or merely dicta when applied to the present fact situation. The position of the defense was that, at a minimum, <u>Perodeau</u> was dicta which would alert the trial court to what the Supreme Court would do if faced with the O'Connor fact pattern.

<u>Perodeau</u> begins by recognizing that the Supreme Court had indirectly approved a claim of negligent infliction in <u>Driscoll vs. General Nutrition Corp.</u>,

252 Conn. 215 (2000). The Court then analyzed <u>Morris vs. Hartford Courant Company</u>, 200 Conn. 676 (1986) and <u>Parsons vs. United Technologies, Corporation</u>, 243 Conn. 66 (1997) and concluded that they did not bar a negligent infliction claim in an employment setting. <u>Perodeau</u> at 751. However, in <u>Parsons</u> the court, relying on <u>Morris</u>, concluded that "negligent infliction of emotional distress in the employment context arises only when it is 'based upon unreasonable conduct of the defendant in the termination process.'" <u>Parsons</u> at 88.

After reviewing numerous out of state cases and some federal authority the Court concluded:

> "Accordingly, we must consider, as a matter of first impression, the extent of the legal duty of individuals to avoid the infliction of emotional distress on others in the course of an ongoing employment relationship."

<u>Perodeau</u> at 754.

The Court then examined that duty by considering the four part test set forth in <u>Jaworski vs. Kiernan</u>, 241 Conn. 399 (1997). After applying the four part <u>Jaworski</u> test, used to determine a legal duty as a matter of public policy, the Court concluded that individual municipal employees may be found liable for negligent infliction only when the action complained of arises in the termination process.

Chief Justice Sullivan in the dissenting opinion points out that Connecticut appears to be the only jurisdiction to draw a distinction between negligent infliction of emotional distress arising in the context of ongoing employment and claims involving termination of employment. He further points out that the motivation for this

distinction appears to grow out of the court's decision in <u>Montinieri vs. Southern New England Telephone Company</u>, 175 Conn. 337 (1978) which arguably opened the flood gates to litigation when it recognized a cause of action for negligent infliction in an employment context. While the Chief Justice would overturn <u>Montinieri</u>, the majority of his colleagues do not agree with him. However, a majority do agree with a need to limit the opportunity to bring negligent infliction claims in an employment context. Essentially the majority in <u>Perodeau</u> read <u>Jaworski</u> to conclude that individuals reasonably should expect to be subject to unwanted employment-related conduct and to expect to experience some level of emotional distress, even significant emotional distress, as a result of the workplace. <u>Perodeau</u> at 769.

The court in <u>Montinieri</u> opened the gates to actions for negligent infliction of emotional distress. For policy reasons, the court in <u>Perodeau</u> partially closed the gates to a flood of litigation by insisting that that emotional distress be limited to that which is incident to the termination process.

This Court, while acknowledging that <u>Perodeau</u> speaks to suits against fellow employees, sees no reason to believe that policy considerations which generated the <u>Perodeau</u> result would be any different for negligent infliction occurring during the employment process when committed directly by the employer then when committed by a fellow employee. In addition, the Court notes that a corporate employer, even a municipal corporation such as Wethersfield, acts only through its employees and agents. The Court finds the policy of <u>Perodeau</u> to be sufficiently articulated so that the plaintiff may not maintain an action for emotional infliction against the defendant

-4-

employer Wethersfield Board of Education. The Court finds that a defendant employer rather than a defendant fellow employee does not support a change in the Perodeau result. The Court's prior denial of a Motion for Summary Judgment as to Count Five (negligent infliction of emotional distress) is vacated and summary judgment for the defendant, relying on Perodeau, is granted as to Count Five.

BY THE COURT

*/s/ Kevin E. Booth*
Kevin E. Booth, J.

8/22/03