Westlaw.

Not Reported in A.2d  
Not Reported in A.2d, 2002 WL 31124658 (Conn.Super.), 32 Conn. L. Rptr. 741  
(Cite as: 2002 WL 31124658 (Conn.Super.))

Page 1

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut.
Pam **CABRERA**,
v.
DEPARTMENT OF SOCIAL SERVICES.
No. X04CV0124541S.

Aug. 19, 2002.

McLACHLAN, J.

### FACTS

*1 This employment case was filed by the plaintiff after the United States District Court for the District of Connecticut dismissed her claim for relief pursuant to Gen.Stat. § 31-51m (the Whistleblower Act) on Eleventh Amendment grounds and her claim under Gen.Stat. § 46a-60 (the Connecticut Fair Employment Practices Act [CFEPA] ), apparently also on the basis of the Eleventh Amendment. Plaintiff commenced this action under the Accidental Failure of Suits statute only against the State of Connecticut (an individual supervisor also was sued in the federal action). The plaintiff's amended complaint, the operative complaint, contains three counts: the first count is the Whistleblower Act, Gen.Stat. § 31-51m; the second count is a claimed violation of Gen.Stat. § 31-51q (violation of constitutional rights) and the third count is the CFEPA claim.

The federal case proceeded to judgment before a jury and the plaintiff was awarded $5,030.00 in damages on her Title VII of the Civil Rights Act claim, which the parties agree is essentially the same as her CFEPA claim.

The parties agree that the first count of the complaint (the so-called Whistleblower claim) and the second count (the claimed violation of plaintiff's constitutional rights) both mirror the first cause of action in the federal case (a Section 1983 claim that her First Amendment rights were violated by the defendants in that action). The plaintiff agreed at oral argument that the defendant was entitled to summary judgment on the first two counts of her complaint based on the verdict in the federal lawsuit, and did not dispute that the defendant is entitled to summary judgment on those counts based upon the doctrine of res judicata. The court entered summary judgment at oral argument on those counts.

The third count in the plaintiff's amended complaint, the CFEPA claim, remains. Both parties seek summary judgment. The plaintiff claims because she was prevented from litigating that specific CFEPA claim in the federal court that it still survives. Further, she argues, since the underlying issues of the CFEPA claim are identical to the issues giving rise to the Title VII of the Civil Rights Act claims upon which she prevailed in the federal lawsuit, she is entitled to an affirmative summary judgment. She acknowledges she would not be entitled to recover damages because her award of $5,030 .00 was satisfied by the State after the federal trial. She seeks a judgment in her favor here so that she can make an application for attorneys fees in accordance with the Fair Employment Practices Act, an issue she was not able to litigate in the federal action. [FN1] Defendant argues that because the underlying facts and claims of the Title VII action are identical to those set forth in the CFEPA, the doctrine of res judicata entitles it to judgment in this case on the third count.

> FN1. The issue of entitlement to attorneys fees under Title VII had not been adjudicated in the federal action.

### ARGUMENTS OF THE PARTIES

The plaintiff argues that a recent Superior Court case *McCall v.. City of Danbury,* CV99-0334585S, 2001 WL105302, supports her proposition. In *McCall,* an unsuccessful police department applicant sued in federal court claiming that he was discriminated against because he was an African American, a Title VII violation. The District Court determined that his civil rights were not violated. He then brought a CFEPA claim in the State court, which found that the Title VII claim was essentially the same claim as the CFEPA claim under § 46a-60 and granted summary judgment in favor of the defendant. Plaintiff here argues that because the city of Danbury was entitled to summary judgment on the basis that the federal Title VII claim was essentially the same as the CFEPA claim that she is entitled to affirmative summary judgment since the issues had been determined in *her* favor in the federal lawsuit. The plaintiff also argues that since she was not permitted to litigate her full state statutory remedy in the federal

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

EXHIBIT H

Not Reported in A.2d                                                                                                                Page 2
Not Reported in A.2d, 2002 WL 31124658 (Conn.Super.), 32 Conn. L. Rptr. 741
**(Cite as: 2002 WL 31124658 (Conn.Super.))**

action, but all the issues necessary to determine her *entitlement* to relief under CFEPA were determined in her favor in the federal case, she is entitled to judgment as to liability on the third count. The defendant argues that based upon the doctrine of res judicata that it, and not the plaintiff, is entitled to summary judgment.

## DISCUSSION

**\*2** "Summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277 (1989). "The judgment sought should be rendered forthwith if the pleadings, affidavits and other proofs submitted show that there is no genuine issue as to any material fact and that the moving parties entitled to judgment as a matter of law." Practice Book § 17-49. "[S]ummary judgment is an appropriate vehicle for raising a claim of res judicata ..." Joe's Pizza v. Aetna Life & Casualty, 236 Conn. 863 (1996). "Because res judicata or collateral estoppel, if raised, may be dispositive of a claim, summary judgment [is] the appropriate method for resolving a claim of res judicata" Jackson v. R.G. Whipple, Inc., 225 Conn. 705, 712 (1993).

This case posits an unusual situation where both the plaintiff and defendant claim they are entitled to summary judgment on the related legal theories of collateral estoppel and res judicata. Both of those doctrines "protect the finality of judicial determinations, conserve the time of courts and prevent ways for litigation," Virgo v. Lyons, 209 Conn. 497, 501 (1988). Although the doctrines are related, res judicata applies to the preclusion of a claim while collateral estoppel pertains to issue preclusion. In this case, of course, the defendant claims that the whole of the plaintiff's claim is precluded by the doctrine res judicata. On the other hand, the plaintiff claims that since the underlying factual issue, that is, the fact that she was discriminated against, had been determined in her favor, those issues may not be denied (or re-litigated) by the State and therefore she is entitled to summary judgment as to liability. Because, plaintiff argues, she was unable to seek the full remedy (in this case, attorneys fees under CFEPA) in the federal court, that claim is not precluded and her lawsuit on that count must go forward with liability having previously been determined in her favor. The defendant claims that this "offensive" use of the doctrine of collateral estoppel or res judicata is impermissible.

It is helpful to discuss in more detail res judicata and collateral estoppel in order to determine the proper application of them to the facts of this case.

"Res judicata, or claim preclusion, is distinguishable from collateral estoppel, or issue preclusion. Under the doctrine of res judicata, a final judgment, when rendered on the merits *is an absolute bar* to a subsequent action, between the same parties or those in privity with them, upon the same claim. Slattery v. Maykut, 176 Conn. 147, 156-57, 405 A.2d 76 (1978). In contrast, collateral estoppel *precludes* a party from *relitigating* issues and facts actually and necessarily determined in an earlier proceeding between the same parties or those in privity with them upon a different claim. DeLaurentis v. New Haven, 220 Conn. 225, 239, 597 A.2d 807 (1991)." Weiss v. Statewide Grievance Committee, 227 Conn. 802, 818, 633 A.2d 282 (1993). Mazziotti v.. Allstate Insurance Co., 240 Conn. 799, 812 (1997). *Emphasis added.*

**\*3** Both claim preclusion and issue preclusion "express no more than the fundamental principle that *once a matter has been fully and fairly litigated and* finally *decided, it comes to rest.*" State v. Ellis, 197 Conn. 436, 465, 497 A.2d 974 (1985). Although claim preclusion and issue preclusion often appear to merge into one another in practice, analytically they are regarded as distinct. "[C]laim preclusion *prevents a litigant from reasserting* a claim that has already been decided on the merits ... [I]ssue preclusion prevents a party from relitigating an issue that has been determined in a prior suit." (Internal quotation marks omitted.) Scalzo v. Danbury, 224 Conn. 124, 128, 617 A.2d 440 (1992); see also Aetna Casualty & Surety Co. v. Jones, 220 Conn. 285, 303-04, 596 A.2d 414 (1991). Jackson v. R .G. Whipple, Inc., 225 Conn. 707, 712-13 (1993). Emphasis added.

The defendant argues that all of the plaintiff's underlying claims have been litigated in the federal action and therefore she is precluded from bringing another action. Plaintiff however argues, perhaps hypertechnically, that since the issues or facts were determined in her favor in the federal court action, the defendant cannot dispute them and she is entitled to summary judgment on a collateral estoppel theory. She claims she is entitled to litigate the issue here of attorneys fees she was prevented from seeking in federal court, limited to her entitlement to fees and the amount of fees because of the favorable determination of the discrimination claim in the federal lawsuit. It is this argument which the state characterizes as "offensive." The question to be determined, therefore, is whether or not plaintiff should be permitted to use the doctrine of collateral estoppel as a sword rather than as a shield. It is noteworthy that plaintiff cites no case for such

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d
Not Reported in A.2d, 2002 WL 31124658 (Conn.Super.), 32 Conn. L. Rptr. 741
(Cite as: 2002 WL 31124658 (Conn.Super.))

Page 3

affirmative use of collateral estoppel nor has the court found such a case. The only reference to the doctrines of res judicata or collateral estoppel in the Practice Book appear to be at § 10-50 which requires that res judicata be asserted as a special defense. The case of *McCall v. the City of Danbury*, 2001 WL 105302 (Conn . Super), cited and relied upon by the plaintiff, does support the proposition that summary judgment is an appropriate remedy where the federal courts have made a determination under Title VII of a state court case seeking relief under the Fair Employment Practices Act. Unfortunately for plaintiff, it is a case in which a defendant successfully used federal adjudication as a bar. The case of *Virgo v. Lyons*, 209 Conn. 497 (1988), also relied upon by plaintiff, is also unhelpful to the plaintiff. In Virgo, the plaintiff successfully prosecuted a federal Section 1983 action for police brutality. The subsequent state court action sought damages for assault and battery. The Supreme Court upheld the dismissal of the second case reasoning that the protected interests of the 1983 action "are similar to those protected in common law tort actions," *id.* at 503, quoting the common law axiom that "[a] plaintiff may be compensated only once for his just damages for the same injury." *Id.* at 509. See also *Gionfriddo v. Gartenhaus Cafe*, 15 Conn.App. 392, 406, aff'd., 211 Conn. 67 (1989). [FN2]

> FN2. The court notes that the remedies afforded by Sections 46a-100 and 46a-104 for attorneys fees and costs are to be awarded to "successful litigants." *Doe v. Heintz*, 204 Conn. 17, 22-23 (1987). Plaintiff is unable to prevail here because, as she admits, her damages were awarded in the federal action.

*4 It would be impermissible to permit the plaintiff to use the doctrine of collateral estoppel affirmatively and internally inconsistent to say that "the issues were resolved in my favor in the first case and may not be relitigated by the defendant, but I am entitled to seek further damages." The defendant correctly notes that there was nothing that prevented plaintiff from seeking federal and state law relief in the State courts. See e.g., *Craine v. Trinity College*, 259 Conn. 625 (2002). The plaintiff's motion for summary judgment is denied. The defendant's motion for summary judgment as to the third count is granted. Judgment shall enter accordingly.

Not Reported in A.2d, 2002 WL 31124658 (Conn.Super.), 32 Conn. L. Rptr. 741

END OF DOCUMENT

© 2006 Thomson/West. No Claim to Orig. U.S. Govt. Works.