UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
THOMAS O'CONNOR      *   CIVIL ACTION NO.:  3:00 CV 339 (RNC)
    Plaintiff,       *
                     *
    V.               *
                     *
LYNNE B. PIERSON, et al.  *
    Defendants.      *   FEBRUARY 23, 2006
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

PLAINTIFF'S MOTION TO STRIKE
DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Under date of January 13, 2006, the defendants filed a motion for summary judgment. This motion should be struck and disallowed, and this case should be set down for an immediate trial.

The first reason defendants' motion for summary judgment should be struck is because the defendants completely ignored Subsection (b) of the court's Order On Pretrial Deadlines. It is the court's standing order that:

> Before a party files a... motion for summary judgment, a prefiling conference will be held. A party wishing to file such a motion must submit a letter to chambers requesting a prefiling conference and briefly describing the nature and basis of the proposed motion. The letter must be submitted no later than 45 days before the discovery deadline. Failure to request a prefiling conference will result in the waiver of the right to file a motion.

(emphasis added)

The court should enforce its own rules. And since the defendants failed to submit a letter to chambers no later than 45 days before the discovery deadline, and before filing the motion, the defendants have waived the right to file the motion.

The second reason defendants' motion for summary judgment should be struck

is because the plaintiff should be afforded his right to a trial by jury as soon as possible. If the court entertains the defendants' motion, it will delay the trial for at least a year, and the plaintiff has already been waiting six years to put his case before a jury. He should not have to wait any longer. As former British Prime Minister Gladstone put it, "Justice delayed is justice denied," and it is respectfully submitted that the court should not permit further denial of the plaintiff's access to justice.

The third reason defendants' motion for summary judgment should be struck is that the Second Circuit Court of Appeals has already ruled against the defendants on the same issue they raise in their summary judgment motion. In their appeal, the defendants argued the plaintiff was precluded by the state court case from pursuing his claim in federal court. The Second Circuit held the defendants had waived the affirmative defense of claim preclusion. See O'Connor v. Pierson, et al., 426 F. 3d 187, 195 (2005).

The fourth reason is related to the second. The District Court has already spent countless hours on the pretrial motions in this case and should not have to spend countless hours more. The court should conserve its resources by setting this matter down for trial and following the very detailed roadmap the Second Circuit Court of Appeals has laid out. If the defendants have valid arguments, they can be dealt with at a later time.

The fifth reason goes to the merits of the defendants' motion. Defendants' argument is meritless. Their argument is based on Migra v. Warren City School Dist. Bd. Of Ed., 465 U.S. 75 (1984). Migra held that a federal court must apply the state

court's rules of res judicata, and, in that Ohio case, state law would have barred the federal case. But Connecticut's res judicata allows a plaintiff to bring federal claims in federal court and simultaneously to bring state claims in state court. As a matter of fact, this is the law of the case. Connecticut Superior Court Judge Hale ruled on August 13, 2001 that there was no impediment to the plaintiff's proceeding simultaneously in federal and state court, and Judge Hale denied the defendant's motion to dismiss. Additionally, the defendants' motion is based on the supposition that the defendants in the federal case were the same as in the state case. But Pierson, the principal defendant in this federal case, was not a defendant in the state case.

THE PLAINTIFF,

By /s/ Leon M. Rosenblatt
Leon M. Rosenblatt
Law Offices of Leon M. Rosenblatt
10 N. Main Street
West Hartford, CT 06107
(860) 523-8066
Federal Bar No. ct 000284

## CERTIFICATION

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this the 23rd day of February, 2006 to:

Attorney Michael J. Rose
Attorney Alexandra Voccio
Howd & Ludorf
65 Wethersfield Ave.
Hartford, CT  06114

Leon M. Rosenblatt