FILED

2006 FEB 28  A 11: 12

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| THOMAS O'CONNOR, | : | NO.: 3:00CV339 (RNC) |
| v. | : | |
| LYNNE B. PIERSON, ET AL | : | February 27, 2006 |

### DEFENDANTS' OBJECTION TO PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The Defendants, Lynne B. Pierson, Ellen C. Healy, Christopher A. Dumas, Patricia M. Strong, Christine T. Fortunato, Donna H. Hemmann, Stacey Hodges, John F. Morris, Frederick E. Petrelli, Jr., Penny H. Stanziale, and the Wethersfield Board of Education, hereby object to the Plaintiff's Motion to Strike Defendants' Motion for Summary Judgment.

As a preliminary matter, the defendants neglected to request permission of the Court before filing their Motion for Summary Judgment. Defendants have corrected their error and have subsequently requested a pre-filing conference. The letter is attached hereto as Exhibit A.

Secondly, since the issues presented to the Court in the Motion for Summary Judgment are dispositive of the instant case, the plaintiff should not be afforded the right to a jury trial until the Court has decided this key legal issue. The plaintiff

argues that litigation of this Motion for Summary Judgment will cost the Court more "countless"[1] hours. However, if the issue can be dismissed at summary judgment, it will avoid a protracted and expensive trial. It is the striking of the defendants' Motion for Summary judgment that will result in a massive and unnecessary use of judicial resources.

Third, while it is true that on appeal the Second Circuit Court of Appeals spoke as to *res judicata*, it was not remotely a decision based on the merits of the argument but, rather, a question of procedure. Without deciding whether *res judicata* barred the case, the Second Circuit simply stated that because it was not raised as an affirmative defense below, the defendants were precluded from raising the issue on appeal:

> Because claim preclusion is an affirmative defense, the Board was obligated to raise it in the district court. The district court record does not reveal any reference by the Board to its claim-preclusion argument... [T]he district court could not have entered judgment based on claim preclusion unless the Board moved for judgment on that basis, which it did not.

O'Connor v. Pierson, 426 F.3d 187, 193 (2d Cir. 2005). Once the case was remanded, and the defendants raised *res judicata* as an affirmative defense, the

---

[1] In actuality the law is quite clear. Connecticut claim preclusion bars the plaintiff's due process claims because he already obtained judgment on a common nucleus of operative fact. See Efthimiou v. Smith, 268 Conn. 499 (2004). The "complication" arises from plaintiff's anticipated attempt to circumvent clear state precedent.

defendants again have an opportunity to make such an argument.[2]

The plaintiff has litigated his claims to verdict in state court and should not be allowed to now proceed to a second trial in federal court. It is ironic that after sidestepping the rules of civil procedure in bringing multiple lawsuits on the same cause of action, the plaintiff now invokes the rules of civil procedure to salvage his attempt to claim split.

WHEREFORE, the defendants hereby respectfully request that the plaintiff's Motion to Strike the Defendant's Motion for Summary Judgment be denied and that the Court rule on the issue of *res judicata*.

---

[2] The Court will recall that the Defendants did attempt to raise the issue in October 2003, but the issue was never adjudicated due to the Court's ruling granting summary judgment.

DEFENDANTS,
LYNNE B. PIERSON, ELLEN C.
HEALY, CHRISTOPHER A. DUMAS,
PATRICIA M. STRONG, CHRISTINE T.
FORTUNATO, DONNA H. HEMMANN,
STACEY HODGES, JOHN F. MORRIS,
FREDERICK E. PETRELLI, JR.,
PENNY H. STANZIALE, and
WETHERSFIELD BOARD OF
EDUCATION

By_____
Michael J. Rose [ct14803]
Howd & Ludorf, LLC
65 Wethersfield Avenue
Hartford, CT 06114
(860) 249-1361
(860) 249-7665 (Fax)
E-Mail: mrose@hl-law.com

## CERTIFICATION

This is to certify that a copy of the foregoing has been sent, handling charges prepaid, via U.S. mail, to the following counsel of record this 27th day of February, 2006.

Leon M. Rosenblatt, Esquire
Law Offices of Leon M. Rosenblatt
10 North Main Street, Suite 214
West Hartford, CT 06107-1988

---
Michael J. Rose

Exhibit A

# HOWD & LUDORF, LLC

ATTORNEYS AT LAW

JOHN J. BOGDANSKI*
PHILIP T. NEWBURY, JR.*†
THOMAS R. GERARDE
MARK J. CLAFLIN*
CHRISTOPHER M. VOSSLER◊
WILLIAM F. CORRIGAN
DAVID S. MONASTERSKY
MICHAEL J. ROSE
COLETTE S. GLADSTONE
MELINDA A. POWELL
PAUL ERICKSON*^
DANIEL C. DeMERCHANT°
ALEXANDRIA L. VOCCIO◊
BEATRICE S. JORDAN
JAY T. DonFRANCISCO
JOHN J. RADSHAW, III◊
MARTHA A. SHAW*
MELANIE A. DILLON

65 WETHERSFIELD AVENUE
HARTFORD, CT 06114-1190
(860) 249-1361
(860) 249-7665 (FAX)
www.hl-law.com

jgordon@hl-law.com

*MAGDALENA P. CAPASSO
CHRISTOPHER J. PICARD
JASON E. INDOMENICO
ALAN R. DEMBICZAK
◊DAVID W. COLWICK
CHRISTY H. DOYLE
KEVIN M. TIGHE
◊¤ROBIN B. KALLOR
JEFFREY E. POTTER
KRISTAN M. MACCINI
JOHANNA A. GORDON

*ALSO ADMITTED IN MASSACHUSETTS
†ALSO ADMITTED IN RHODE ISLAND
◊ALSO ADMITTED IN NEW YORK
°ALSO ADMITTED IN FLORIDA
^ALSO ADMITTED IN ILLINOIS
¤ ALSO ADMITTED IN NEW JERSEY

February 27, 2006

The Honorable Robert N. Chatigny
United States District Court
District of Connecticut
450 Main Street
Hartford, CT 06103

Re: Thomas O'Connor v. Lynne B. Pierson, et al
U.S.D.C CASE NO.: 3:00CV339 (RNC)
H&L File No.: 134-23339

Dear Judge Chatigny,

This letter is to advise the Court that the defendants have filed a Motion for Summary Judgment on the grounds that any further pursuit of the plaintiff's claims are precluded by the doctrine of *res judicata*. The undersigned inadvertently neglected to request a pre-filing conference prior to filing the motion. Therefore, the defendants request permission to so file the motion and request that a pre-filing conference be scheduled.

Thank you for your courtesies.

Sincerely,

Michael J. Rose

MJR/jag

cc: Leon Rosenblatt, Esq.