UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | | |
|---|---|---|
| THOMAS O'CONNOR | \* | Docket No. 3:00 CV 339 (RNC) |
|    Plaintiff, | \* | |
| | \* | |
| v. | \* | |
| | \* | |
| LYNNE B. PIERSON, ET AL. | \* | |
|    Defendants. | \* | SEPTEMBER 26, 2006 |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
THE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

I.   **INTRODUCTION**

The above-captioned case ("O'Connor v. Pierson") was filed in Connecticut Superior Court in 2000. The complaint consisted of federal and state claims, and the defendants removed the case to this federal court. Three years later, when it appeared to both sides the supplemental state claims were to be dismissed by this court, the plaintiff refiled state claims under Connecticut's accidental failure of suit statute against the Wethersfield Board of Education only ("O'Connor v. Wethersfield Board of Education"). This court retained jurisdiction over the federal claims in O'Connor v. Pierson.

In the state court, the defendants tried twice to have O'Connor v. Wethersfield Board of Education dismissed because the federal claims persisted in O'Connor v. Pierson. Two Superior Court judges rejected the defendants' arguments, holding that Connecticut law permitted the plaintiff to maintain both actions at the same time.

O'Connor v. Wethersfield Board of Education proceeded to trial in Connecticut Superior Court, and the plaintiff won on his claim of tortious invasion of privacy.

Judgment was entered in favor of the plaintiff. Then summary judgment was entered against the plaintiff in O'Connor v. Pierson on his federal claims and appeal was taken to the Second Circuit. The defendants tried to persuade the Second Circuit that the judgment in O'Connor v. Wethersfield Board of Education in state court precluded continued litigation of O'Connor v. Pierson, but the Second Circuit held the defendants had waived this defense.

Then, the judgment in favor of the plaintiff in state court in O'Connor v. Wethersfield Board of Education was overturned, and judgment in favor of the defendant was entered. The grounds for overturning the judgment was not that O'Connor failed to prove tortious invasion of his privacy but that the Wethersfield Board of Education had governmental immunity against the tort under Conn. Gen. Stat. §52-567n(a)(2).

The judgment against the plaintiff in federal court in O'Connor v. Pierson was also overturned, and the federal substantive due process claim was remanded back to this district court. The defendants are now trying to convince this court to do what the Second Circuit refused to do nearly two years ago, dismiss O'Connor v. Pierson on the ground of res judicata. The defendants principally rely on Migra v. Warren City School District Board of Education, 465 U.S. 75, 104 S.Ct. 892, 79 L.Ed. 2d 56 (1984). Migra held that the federal court must apply the state's res judicata rules. But, for the reasons given below, Connecticut's res judicata rules do not preclude this federal case, as clearly shown by two Superior Court decisions which rejected the same claims raised now by the defendants.

## II.  PROCEDURAL BACKGROUND

This case, O'Connor v. Pierson, began on January 27, 2000 when the plaintiff filed his lawsuit in Superior Court in Hartford.[1] The Fifth Count alleged a violation of 42 U.S.C. §1983, and on February 22, 2000 the defendants used the Fifth Count to remove the case to federal court pursuant to 28 U.S.C. § 1441(b).[2]

On July 21, 2000 the defendants moved for summary judgment on the two federal issues in the case -- procedural due process and substantive due process.[3] The claims based on Connecticut law were never part of the summary judgment motion. The summary judgment motion was referred to Magistrate Judge Martínez, and on February 27, 2001 she recommended that summary judgment be granted on both federal issues **and that the state law claims be remanded back to the Connecticut courts.**[4]

On March 12, 2001, the plaintiff filed an objection to Magistrate Judge Martinez' recommended ruling, **but the plaintiff specifically noted that he was not objecting to her recommendation that the state law claims be dismissed so they could be repled in state court.**[5]

---

[1]  See Exhibit A, which is the docket sheet for O'Connor's initial Superior Court lawsuit. The docket number is HHD-CV-00-0595721-S.  Docket Entry 101.00 reflects the filing of this action on January 27, 2000.

[2]  See Exhibit B, which is O'Connor v. Pierson, 426 F.3d 187, 193 (2d Cir. 2005).  This is the Second Circuit's decision on the appeal from this court's granting of the defendants' summary judgment motion.

[3]  See Exhibit C, which is the docket sheet for this federal case.  Docket Entry #34 reflects the defendants' motion for summary judgment filed on July 21, 2000.

[4]  Exhibit C, Docket Entry #57.

[5]  See the plaintiff's March 12, 2001 objection to the recommended ruling, Docket Entry #58.

3

On March 29, 2001, Judge Chatigny held a telephonic conference and adopted Judge Martinez's recommendation as to the procedural due process claim. He deferred ruling on the substantive due process claim. He did not definitively rule at that time on Defendant Pierson's qualified immunity defense, but the judge indicated he was disposed to grant it. He said, "everything else is off the table."[6]

**The status of this case as of March 29, 2001 was as follows: Summary judgment on O'Connor's procedural due process claim had been granted. Defendants' motion for summary judgment on O'Connor's substantive due process claim had not been decided, and the federal court retained jurisdiction. The supplemental claims (i.e. the non-Federal claims) were "off the table."**[7]

On June 11, 2001, O'Connor filed his second lawsuit in state court pursuant to Conn. Gen. Stat. §52-592, which is the accidental failure of suit statute.[8] It is the statute which, among other things, extends the statute of limitations in cases where state claims had been removed to federal court but later returned to state court. The suit named only the Wethersfield Board of Education as a defendant and consisted entirely of state law claims.[9] (This second law suit is "O'Connor v. Wethersfield Board of Education.")

---

[6] See Exhibit F, which is a partial transcript of the March 29, 2001 telephonic hearing. The court's adopting the magistrate's recommended ruling and the quotation that everything else was off the table appears on page 40.

[7] On September 28, 2001 the court ruled Pierson had qualified immunity. See Exhibit B, O'Connor v. Pierson, 426 F.3d 187, 193 (2d Cir. 2005).

[8] See Exhibit E, O'Connor v. Board of Education of the Town of Wethersfield, 90 Conn. App. 59, n. 2 (2005) (certification denied, 275 Conn. 912 [2005]). This is the Connecticut Appellate Court decision which nullified O'Connor's win in Superior Court on the basis of the governmental immunity.

[9] See Exhibit D, which is the docket sheet in this second lawsuit, docket number HHD-CV-01-0808376-S. The first page gives the filing date of June 11, 2001.

4

On August 9, 2001 the defendant filed a Motion to Dismiss in O'Connor v. Wethersfield Board of Education asserting that the prior pending action doctrine prohibited the suit because O'Connor v. Pierson continued on in federal court.[10] O'Connor opposed the Motion to Dismiss on the basis that Connecticut law does not apply when there are two cases in separate jurisdictions, such as one in state court and another in federal court. O'Connor cited several Connecticut cases, including one which was procedurally identical to this one, Otero v. Housing Authority of City of Bridgeport, 2000 Conn. Super. LEXIS 1085 (Skolnick, J) (prior case removed from state court to federal court was not in the same jurisdiction as a subsequent case filed in state court, so there was no impediment to both cases going forward).[11] The Wethersfield Board of Education's Motion to Dismiss was denied on September 25, 2001 by Judge Hale.[12]

Undaunted, the defendant tried again to have O'Connor v. Wethersfield Board of Education dismissed because of the pendency of O'Connor v. Pierson. The result was the same, however. Judge Booth on May 20, 2003 held that despite the fact that some claims in state court were identical to the claims in federal court, there was no bar under Connecticut law against proceeding in both cases. He understood that the federal court was holding on to the federal claims but had released the state claims to return to state court. Judge Booth explicitly reaffirmed the decision by Judge Hale and held that Otero was a correct statement of Connecticut law. He cited Cumberland Farms, Inc. v. Groton, 247 Conn. 196, 216 (1998) for the proposition that the prior pending action

---

[10] Exhibit G is the defendant's Motion to Dismiss.

[11] Exhibit H is O'Connor's memorandum in opposition to the Motion to Dismiss. Otero is attached.

[12] Exhibit I is Judge Hale's order.

doctrine applies only when there are two cases in the same jurisdiction, but state court and federal court are separate jurisdictions.[13]

O'Connor v. Wethersfield Board of Education went to judgment on October 31, 2003, with a win for the plaintiff. The jury awarded O'Connor $162,500.[14]

On December 12, 2003, this court entered judgment in favor of the defendants in O'Connor v. Pierson and officially released jurisdiction over all the supplemental claims.[15]

On July 5, 2005, the Connecticut Appellate Court reversed judgment for the plaintiff in O'Connor v. Wethersfield Board of Education, holding that Conn. Gen. Stat. 52-557n(a) (2) provided immunity to the Board of Education for its intentional torts.[16]

On October 11, 2005, the Second Circuit partially reversed this Court's judgment and remanded O'Connor v. Pierson for a trial on O'Connor's substantive due process claim. During the appellate process, the defendants raised the res judicata defense which they are now pressing in this summary judgment motion. **The Second Circuit ruled the defendants had waived their res judicata defense.**[17]   On January 13, 2006, the defendants filed this Motion for Summary Judgment, raising res judicata in this court for the first time in the more than 6 years O'Connor v. Pierson had been pending.

---

[13]   Exhibit J is Judge Booth's May 20, 2003 memorandum of decision.

[14]   See Exhibit E.

[15]   Exhibit C, Docket Entry #94.

[16]   See Exhibit E, O'Connor v. Board of Education of the Town of Wethersfield, Id.

[17]   See Exhibit B, 426 F.3d at 196.

6

On February 17, 2006, the defendants moved that this court retake jurisdiction over the pendant state claims which had been remanded back to Connecticut Superior Court.[18] The motion was granted on July 26, 2006.[19]

### III. CONNECTICUT RES JUDICATA LAW DOES NOT PRECLUDE ADJUDICATION OF THE SUBSTANTIVE DUE PROCESS CLAIM IN O'CONNOR V. PIERSON

The only federal claim extant in O'Connor v. Pierson is the substantive due process claim remanded back by the Second Circuit. It is the defendants' claim that res judicata (specifically, the doctrine of claim preclusion, a/k/a "merger and bar") precludes the trial which the Second Circuit ordered. **Nothing of substance has happened since October 11, 2005, when the Second Circuit ruled the defendants had waived their res judicata affirmative defense.** (The defendants do not even mention that the Second Circuit considered, and rejected, the same argument they are now making in district court.)

The defendants' summary judgment motion is based on Migra v. Warren City School Dist. Bd. Of Ed., 465 U.S. 75, 104 S.Ct 892, 79 L.Ed 2d 56 (1984). Migra held that a federal court must apply the state court's rules of res judicata.

#### A. The Law of the Case Is that O'Connor Simultaneously Can Maintain Federal Claims in Federal Court and State Law Claims in State Court.

As already shown, the defendants twice tried to prelude O'Connor v. Wethersfield Board of Education, but two Superior Court judges allowed both cases to

---

[18] Exhibit C, Docket Entry #121.

[19] Exhibit C, Docket Entry #137.

proceed apace. Connecticut law precludes claims only if they are "virtually alike" and "brought to adjudicate the same underlying rights." <u>Cumberland Farms, Inc. v. Groton</u>, 247 Conn. 196, 216 (1998). Claim preclusion under Connecticut law does not apply if the two cases assert different causes of action and/or different claims for relief. <u>Fishman v. Middlesex Mutual Assurance Co.</u>, 4 Conn. App. 339, 347-48, 494 A.2d 606, cert. denied, 197 Conn. 806, 499 A.2d 57 (1985). As Judge Skolnick held squarely in <u>Otero</u>, and as Judge Hale and Judge Booth held squarely in <u>O'Connor v. Wethersfield Board of Education</u>, when there are two cases, one in state court and the other in federal court, both can proceed. And, as Judge Hale and Judge Booth ruled, the two cases asserted different causes of action and are therefore separate claims under Connecticut law.

### B. The Claim Preclusion Doctrine Does Not Apply

In arguing claim preclusion in the instant circumstances, the defendants are trying to drive a round peg into a square hole. The doctrine just doesn't fit. This is Connecticut's prior pending action doctrine:

> Under the prior pending action doctrine, "the **pendency** of a **prior suit** of the **same character**, **between the same parties**, brought to obtain **the same end or object**, is, at common law, good cause for abatement. It is so, because there **cannot be any reason or necessity for bringing the second**, and, therefore, it must be oppressive and vexatious. This is a rule of justice and equity, generally applicable, and always, where the two suits are virtually alike, **and in the same jurisdiction**." (Internal quotation marks omitted.) <u>Cumberland Farms, Inc. v. Groton</u>, 247 Conn. 196, 216, 719 A.2d 465 (1998). Moreover, allowing an action that raises claims that are substantially identical to claims raised in a prior action would undermine an orderly and efficient judicial process and would potentially lead to **inconsistent verdicts**.

<u>Larobina v. Andrew McDonald, et al.</u>, 274 Conn. 394, 409, 876 A. 2d 522 (2005) (emphasis added). The prior pending action doctrine does not apply in the present circumstances because this is not a case where a prior suit of the same character, between the same parties, brought to obtain the same end or object, is still pending.

First, this case is not of the same character as the state case. This case is brought under 42 U.S.C. §1983 for a violation of the U.S. Constitution. <u>O'Connor v. Wethersfield Board of Education</u> did not involve federal law at all.

Second, this is not even the second, or subsequent, lawsuit. This is the first lawsuit. This lawsuit was filed on January 27, 2000 and was removed to federal court on February 22, 2000. The lawsuit which the defendants claim is the <u>prior</u> lawsuit is actually the <u>second</u> lawsuit, filed on June 11, 2001. If the prior pending action doctrine applied at all, it would apply to preclude the second lawsuit, not the prior one. (But, as already shown, the board of education twice tried to have <u>O'Connor v. Wethersfield Board of Education</u> dismissed, but failed.) <u>O'Connor v. Wethersfield</u> was not even a separate lawsuit. It was the same lawsuit filed under the accidental failure of suit statute after the federal court ruled that all claims except the substantive due process claim was "off the table."

Third, even if <u>O'Connor v. Wethersfield</u> were a separate and prior lawsuit, it is no longer pending, and the prior pending action doctrine does not apply.

Fourth, even if there were two actions pending, the doctrine would not apply because they are not "virtually alike, and in the same jurisdiction." <u>Larobina</u>, Id. One is under the jurisdiction of the federal courts; the other was under the jurisdiction of the state court, as Judge Hale and Judge Booth already held.

9

Fiinally, none of the policy reasons for the prior pending action doctrine exist in the present circumstances. There was good reason for the plaintiff to bring two suits, assuming arguendo there were two. At the time O'Connor v. Wethersfield Board of Education was filed, the federal court had said it would not assert jurisdiction over the supplemental state claims. O'Connor's filing his case under the accidental failure of suit statute to pursue the non-federal claims against the Wethersfield Board of Education was not oppressive or vexatious, nor did it create a danger of inconsistent verdicts. See Larobina, supra. As a matter of fact, the Connecticut Appellate Court's finding as a matter of law that the Wethersfield Board of Education had governmental immunity ensured that there could not be inconsistent verdicts. O'Connor's substantive due process claim in O'Connor v. Pierson could not possibly conflict with the judgment in the Connecticut case because there is no claim of governmental immunity against a § 1983 claim. There was not even a judgment on the merits in O'Connor v. Wethersfield Board of Education, so if the plaintiff's gets a verdict in O'Connor v. Pierson it would not conflict with a verdict in O'Connor v. Wethersfield Board of Education.

### C. Res Judicata Rules Do Not Preclude O'Connor v. Pierson.

It is important to keep in mind that at the time O'Connor v. Wethersfield Board of Education commenced, the Federal claims in O'Connor v. Pierson were tied up in federal court and could not have been brought in state court. Magistrate Judge Martinez had already recommended that the supplemental claims be dismissed; the plaintiff had not objected to this aspect of the magistrate's recommended ruling; and Judge Chatigny had told the parties the state claims against the Wethersfield Board of

Education were "off the table." At the time when O'Connor v. Wethersfield Board of Education was overturned on governmental immunity grounds by the Connecticut Appellate court, O'Connor was still awaiting the Second Circuit's decision on his appeal in O'Connor v. Pierson, and he could not have consolidated his claims in a single case.

**If the defendants' motion for summary judgment were granted, it would mean O'Connor would never have had an opportunity to litigate his substantive due process claim to conclusion, through no fault of his own.**

The doctrine of res judicata is not a device to deny litigants their day in court. It is a rule based "largely on the ground that fairness to the defendant, and sound judicial administration, require that at some point litigation over the particular controversy come to an end…, especially if the plaintiff has failed to avail himself of opportunities to pursue his remedies in the first proceeding, or has deliberately flouted orders of the court."[20] There can be no claim in this matter that the plaintiff failed to avail himself of opportunities to pursue his remedies anywhere or that he has deliberately flouted orders of any court.

The Connecticut Supreme Court apparently has cited Migra only on one occasion, and the Supreme Court's application of Migra contradicts the defendants' position and illuminates the policy issues underlying the doctrine of res judicata in general and in Migra. In Mulligan v. Rioux, et al., 229 Conn. 716, 643 A. 2d 1226 (1994) a Superior Court judge held a Franks hearing and found probable case for an arrest warrant. In a subsequent civil case for malicious prosecution, the jury returned a verdict in favor of Mulligan and the defendants argued res judicata precluded the verdict. (The

---

[20] § 19 "Judgment for Defendant -- The General rule of Bar," Restatement (Second) Judgments. See Exhibit K, p. 43.

11

case involved issue preclusion not claim preclusion, but the policy considerations are the same.)  The defendants argued the judge's finding of probable cause after a Franks hearing precluded the subsequent verdict that there were no grounds to arrest Mulligan. The Connecticut Supreme Court, which was considering a count § 1983 claim and was called upon to follow <u>Migra</u> and apply Connecticut res judicata law, said:

> **For an issue to be subject to collateral estoppel, it must have been fully and fairly litigated in the first action. It also must have been actually decided and the decision must have been necessary to the judgment.** . . . The doctrine of collateral estoppel is based on the public policy that a party should not be able to relitigate a matter which it already has had an opportunity to litigate." (Citations omitted internal quotation marks omitted.) <u>Aetna Casualty & Surety Co, v. Jones</u>, 220 Conn. 285, 296, 596 A.2d 414 (1991).
>
> We conclude that in the present action, the plaintiff was not provided with a full and fair opportunity as that phrase is used in the collateral estoppel lexicon, to litigate the issue of probable cause at the Franks hearing. **"The requirement of full and fair litigation ensures fairness, which is a 'crowning consideration' in collateral estoppel cases."** Id., 306. In discussing what constitutes "full and fair litigation" for the purposes of collateral estoppel, we have stated that "if the nature of the hearing carries procedural limitations that would not be present at a later hearing, the party might not have a full and fair opportunity to litigate." Id. Because, in Connecticut, a Franks hearing occurs early in the underlying criminal case, it necessarily has procedural limitations that were not present in the plaintiff's subsequent civil trial on his claims for malicious prosecution....

229 Conn. at 751-752 (emphasis added).

The same overarching goal of ensuring fairness through full and fair litigation is a "crowning consideration" in claim preclusion cases. <u>Daoust v. McWilliams, et al.</u>, 49 Conn. App. 715, 716 A. 2d 922 (1998) made clear the goals of issue preclusion and claim preclusion under the general rubric of res judicata are the same:

> The doctrines of res judicata and collateral estoppel protect the finality of judicial determinations, conserve the time of the court, and prevent wasteful relitigation. Res judicata or claim preclusion prevents a litigant from reasserting a claim that has already been decided **on the merits.** Collateral estoppel, or

> issue preclusion, prevents a party from relitigating an issue that has been determined in a prior suit.
>
> Although the doctrines of collateral estoppel and res judicata are conceptually related, in practice their application may yield distinct results. Unlike collateral estoppel, under which preclusion occurs only if a claim actually has been litigated, under the doctrine of res judicata, or claim preclusion, a former judgment on a claim, **if rendered on the merits**, is an absolute bar to a subsequent action on the same claim [or any claim based on the same operative facts that] might have been made. . . . **The appropriate inquiry with respect to [claim] preclusion is whether the party had an adequate opportunity to litigate the matter in the earlier proceeding** . . . .

49 Conn. App. at 723-724 (emphasis added) (Internal quotations and citations omitted).[21]

Daoust v. McWilliams cited the Restatement (Second), Judgments. Citing §25, the court said that in a circumstance when a plaintiff advances one of two possible theories of recovery, he cannot later bring up a second one if the court entered judgment with respect to the theory he raised. But if the plaintiff could not have brought both theories in the action that went to judgment, he is not precluded from bringing up the unasserted theory later on. See Daoust, 49 Conn. App. at 723-724. In this case, O'Connor maintained his substantive due process theory from the beginning and could not bring it in O'Connor v. Wethersfield Board of Education because it was pending in O'Connor v. Pierson. The substantive due process theory had already been removed from state court to federal court, and the plaintiff had no ability to bring it back to state

---

[21] The defendants cite Daoust extensively in their brief (see pages 10-12 of their brief), but they turn the case on its head. In Daoust, the common-law torts which were not fully and fairly litigated were not precluded. The claims that were not "actually decided" by the federal court in its grant of summary judgment were not precluded. The claims over which the federal court declined to exercise supplemental jurisdiction were not precluded either. Daoust, 49 Conn. App. at 727-728, 729-730. (The federal court decision in Daoust, furthermore, was the "prior" decision, and the state case was the subsequent one. The same is true here, but the defendants would have this case be the subsequent one, as explained above.)

13

court. The purpose of claim preclusion is to prevent the pursuit of any claims relating to the cause of action which were actually made or might have been made "in a prior action." Joe's Pizza, Inc., v. Aetna Life and Casualty Co., 236 Conn. 863, 872, 675 A.2d 441 (1996). Because O'Connor's substantive due process claim was stuck in federal court, it could not have been "made" in O'Connor v. Wethersfield Board of Education.

In reality, the defendants' summary judgment motion is gimmickry. They do not argue claim preclusion existed any time prior to the final moment when the plaintiff exhausted his appeals in state court in O'Connor v. Wethersfield Board of Education. (And they conveniently overlook the fact that if res judicata applied at all, it would have taken effect upon O'Connor's victory in O'Connor v. Wethersfield Board of Education on October 31 2003, not when the case was overturned.) They do not contest that O'Connor had justiciable federal claims in O'Connor v. Pierson until the final bell rang in state court, five years after O'Connor v. Pierson began. Their claim is that in some mysterious way O'Connor v. Pierson was retroactively delegitimized when O'Connor v. Wethersfield Board of Education was overturned on immunity grounds, not on the merits.

The doctrine of res judicata is designed to promote, not defeat, full and fair litigation of disputes. If O'Connor's substantive due process claim is now extinguished -- after the Second Circuit resurrected it and, in the process, rejected as having been waived the precise claims that are made here -- it would turn res judicata on its head. There is nothing vexatious, unfair or unreasonable about O'Connor's pressing on toward a trial and verdict in this federal case. As Daoust points out, the appropriate

inquiry is whether O'Connor had an adequate opportunity to litigate his federal claim, and the answer is, "Not yet." Because O'Connor has not yet had his day in court, "then a second action in a competent court presenting the omitted theory or ground should not be precluded." Daoust, Id.

Even if the substantive due process claim had actually been made in O'Connor v. Wethersfield Board of Education, the likelihood is that he would have been able to relitigate it in federal court because the Second Circuit had not yet enunciated the applicable law at the time O'Connor v. Wethersfield Board of Education was brought and tried. §86 of the Restatement (Second) of Judgments makes clear that a claim in federal court for remedies provided by important federal law are not extinguished by gimmickry.[22] Comment b notes that if a state court has decided a federal claim, when "federal substantive interests are at stake," it is "a factor militating, in some degree, against treating the state court judgment as conclusive." Relitigation may be appropriate where the issue is application of a §1983 claim to a complex fact pattern in which the legal frame of reference is an important element.[23]

### IV.   THE DEFENDANTS WAIVED THEIR RES JUDICATA DEFENSE

During the appeal to the Second Circuit, the defendants made exactly the same claim as they are making now. The Second Circuit said:

> Before we proceed to the merits, we must dispose of the Board's argument that we should rule in their favor based on claim preclusion (res judicata) even though it was not raised below. The Board makes the unsupported, and

---

[22]   See §86 "Effect of State Court Judgment in a Subsequent Action in Federal Court." Exhibit K, p. 38-42.

[23]   See Section d. Comment to §86 of the Restatement. Exhibit K, p. 40.

> unsupportable, assertion that its claim-preclusion argument goes to subject-matter jurisdiction and we must therefore entertain it. The Board also asserts that it raised claim preclusion "throughout the litigation," but to support this assertion, it primarily cites documents filed in state court.
>
> Claim preclusion is an affirmative defense; it does not go to subject-matter jurisdiction. See <u>Rivet v. Regions Bank of La.</u>, 522 U.S. 470, 476 (1998); see also Fed. R. Civ. P. 8(c). Although the Board correctly notes that mootness goes to federal subject-matter jurisdiction, see <u>Muhammad v. City of N.Y. Dep't of Corr.</u>, 126 F.3d 119, 122 (2d Cir. 1997), the doctrines of mootness and claim preclusion are distinct, and the Board has not raised any credible claim that O'Connor's case is moot.
>
> Because claim preclusion is an affirmative defense, the Board was obligated to raise it in the district court. See <u>Nat'l Market Share, Inc. v. Sterling Nat'l Bank</u>, 392 F.3d 520, 526 (2d Cir. 2004). The district court record does not reveal any reference by the Board to its claim-preclusion argument. The Board has provided this court with a copy of a letter addressed to Judge Chatigny dated October 15, 2003, requesting a briefing schedule on the subject, but the district court did not docket the letter. Even if it received the letter, the district court could not have entered judgment based on claim preclusion unless the Board moved for judgment on that basis, which it did not. A motion by the Board raising the claim-preclusion defense when it became available would have preserved the issue for appeal; a letter asking for a briefing schedule, which was not followed up, did not. **The Board waived this defense**, and we thus proceed to the merits ....

426 F. 3d at 94-195.

This same principle is expressed in the Restatment. A litigant is deemed to have acquiesced in splitting a claim between federal and state court if the federal claim is effectively withheld.[24] The Wethersfield Board of Education complained about the fact that <u>O'Connor v. Wethersfield Board of Education</u> was allowed to proceed in state court while <u>O'Connor v. Pierson</u> was pending in federal court. The defendant twice filed motions to dismiss, which failed. But in the defendants' paradigm, <u>O'Connor v. Wethersfield Board of Education</u> is the first case and <u>O'Connor v. Pierson</u> is the subsequent case, and the defendants in <u>O'Connor v. Pierson</u> never objected to

---

[24] Exhibit K, p. 41 § 86, Comment f: "Non-assertion of federal claim."

16

supposed claim splitting until the appeal to the Second Circuit. As the Second Circuit held, this was acquiescence to the federal claims being brought in O'Connor v. Pierson while the tort claims against the Wethersfield Board of Education were going forward in state court.

Illustration 7 in § 86, "Effect of State Court Judgment in a Subsequent Action in Federal Court," Restatement (Second) Judgments is on point:

> P is discharged from his employment in a state agency on the ground of gross insubordination. P brings an action under appropriate state procedure contesting the propriety of the discharge, but expressly reserves any possible federal claim, a reservation in which the state court acquiesces. Judgment is against P on a finding that he was guilty of gross insubordination. The rule of claim preclusion does not prevent P from maintaining an action in federal court but the issue of insubordination may not be relitigated, assuming the state court proceeding afforded a fair opportunity to litigate the issue.[25]

O'Connor's substantive due process claim against Pierson, et al. was reserved in federal court as he proceeded in state court against one of the defendants, the Wethersfield Board of Education, on state claims. The issue of whether the Wethersfield Board of Education has governmental immunity has been decided and cannot be relitigated, but "[t]he rule of claim preclusion does not prevent [O'Connor] from maintaining an action in federal court."

V.   **THE PIERSON DEFENDANTS CANNOT TAKE ADVANTAGE OF THE WETHERSFIELD BOARD OF EDUCATION'S WIN IN STATE COURT**

The sole defendant in O'Connor v. Wethersfield Board of Education was the Wethersfield Board of Education. Pierson in her official and individual capacities, and the other defendants in the instant case (Healy, Dumas, Strong, Fortunato, Hemmann,

---

[25] See Exhibit K, p. 41.

Hodges, Morris, Petrelli, and Stanziale in their official capacities) were never part of state case. The effect of claim preclusion applies to a "personal judgment for the defendant," not to other defendants.[26] "A party appearing in an action in one capacity, individual or representative, is not thereby bound by or entitled to the benefits of the rules of res judicata in a subsequent action in which he appears in another capacity."[27] Since none of the defendants in O'Connor v. Pierson were defendants in O'Connor v. Wethersfield Board of Education, the defendants in the instant case are not entitled to "the benefits of res judicata."

## VI. CONCLUSION

The Restatement (Second) of Judgments at § 26 ("Exceptions to the General Rule Concerning Splitting") lists a number of circumstances when claim splitting is allowed. For the reasons given above, the following general statements apply in this case and defeat the defendants' summary judgment motion.

   (a) The parties have agreed in terms or in effect that the plaintiff may split his claim, or the defendant has acquiesced therein; or

   (b) The court in the first action has expressly reserved the plaintiff's right to maintain the second action; or

   (c) The plaintiff was unable to rely on a certain theory of the case or to seek a certain remedy or form of relief in the first action …; or

   (d) The judgment in the first action was plainly inconsistent with the fair and equitable implementation of a statutory or constitutional scheme, or it is the

---

[26] See § 19 and Comment b, and § 20 and Comment b of the Restatement (Second) Judgments in Exhibit K, p. 43

[27] § 34(2) Restatement (Second) Judgments. Exhibit K, p.7.

sense of the scheme that the plaintiff should be permitted to split his claim; or

...

(f) It is clearly and convincingly shown that the policies favoring preclusion of a second action are overcome for an extraordinary reason, such as ... the failure of the prior litigation to yield a coherent disposition of the controversy.[28]

Connecticut's res judicata is even narrower, for it explicitly allows related cases to proceed in federal and state court at the some time.

 

THE PLAINTIFF,

BY: /s/ Leon M. Rosenblatt
Leon M. Rosenblatt (ct00284)
Law Offices of Leon M. Rosenblatt
10 N. Main Street
West Hartford, CT 06107
(860) 523-8066

---

[28] Exhibit K, p. 7.

## CERTIFICATION

This is to certify that a copy of the foregoing was filed electronically to court and mailed, postage prepaid, on this the 26th of September, 2006 to:

Attorney Michael J. Rose
Attorney Alexandra Voccio
Howd & Ludorf
65 Wethersfield Ave.
Hartford, CT 06114

_____
Leon M. Rosenblatt