UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| THOMAS O'CONNOR, | : |
| | : |
| Plaintiff, | : |
| | : |
| V. | : CASE NO. 3:00-CV-339 (RNC) |
| | : |
| LYNNE B. PIERSON, ELLEN C. | : |
| HEALY, CHRISTOPHER A. DUMAS, | : |
| PATRICIA M. STRONG, CHRISTINE | : |
| T. FORTUNATO, DONNA H. HEMMANN, | : |
| STACEY HODGES, JOHN F. MORRIS, | : |
| FREDERICK E. PETRELLI, JR., | : |
| PENNY H. STANZIALE, and | : |
| WETHERSFIELD BOARD OF EDUCATION, | : |
| | : |
| Defendants. | : |

RULING AND ORDER

This case has been remanded for further proceedings on plaintiff's substantive due process claims under 42 U.S.C. § 1983. See O'Connor v. Pierson, 426 F.3d 187, 203-04 (2d Cir. 2005). Defendants have moved for summary judgment based on res judicata [Doc. # 115]. For the reasons that follow, the motion is granted.

I.  Background

In early 2000, plaintiff Thomas O'Connor brought this action in state court against his then-employer, the Wethersfield Board of Education, as well as the Board members in their official capacities, and Lynne B. Pierson, the Superintendent of Schools, in both her official and individual capacities. The plaintiff claimed that the defendants were arbitrarily conditioning his return to work as a teacher following administrative leave on his agreement

to undergo a psychiatric examination and release all his medical records. The defendants' insistence on these conditions was alleged to violate plaintiff's rights to procedural and substantive due process under state and federal law. In addition, the complaint pleaded state law claims for negligent and intentional infliction of emotional distress, and tortious invasion of privacy. Defendants removed the case to this court based on the federal claims.

In due course, cross-motions for summary judgment were filed. In February 2001, Magistrate Judge Martinez, to whom the motions were referred, recommended that summary judgment be granted in favor of the defendants on all the plaintiff's federal claims and that the court decline to exercise supplemental jurisdiction over the pendent state law claims, as provided by 28 U.S.C. § 1367(c)(3)(district court may decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction).

In March 2001, the recommended ruling was adopted with regard to the plaintiff's procedural due process claims under federal law, but a final ruling on his federal substantive due process claims was deferred. Because the latter claims were left undecided, declining to exercise supplemental jurisdiction over the state law claims would have been improper. Accordingly, those claims stayed in the case pending a final ruling on the remaining federal claims.

In June 2001, plaintiff initiated another action in state court against the Board. The complaint, as amended, pleaded the state law claims previously raised in this action plus some new ones, including a claim for breach of contract. Because no federal claims were included in the complaint, the action could not be removed to this court.

The Board responded by moving to dismiss the state court complaint based on the pendency of this action. The motion was denied.[1] A subsequent motion for summary judgment filed by the Board in the state court action resulted in dismissal of some of the claims. However, three of the claims survived and were eventually the subject of a jury trial in September 2003. These consisted of the claims for tortious invasion of privacy and intentional infliction of emotional distress (which mirrored the corresponding claims in this action) and a claim based on Connecticut General Statute § 31-51q, which prohibits employers from disciplining or discharging employees in retaliation for exercising their right to free speech. The jury found in favor of the plaintiff on the invasion of privacy claim, awarding him damages in the amount of $162,500, but found in favor of the Board

---

[1] The Board's motion to dismiss was denied on the ground that it was untimely. The court also observed, however, that the pendency of a prior-filed action in federal court does not require abatement of a subsequent action in state court, even when the federal action was originally filed in state court. [See Doc. #146 Ex. J].

on the other claims. On October 31, 2003, judgment entered in favor of the plaintiff.

Both parties appealed, leading the Connecticut Appellate Court to address the invasion of privacy claim, as well as the claims for negligent infliction of emotional distress and breach of contract, which had been dismissed on summary judgment. On July 5, 2005, the Court held that the invasion of privacy claim was barred by governmental immunity because, under state law, a municipality cannot be held liable for intentional torts committed by its employees. See O'Connor v. Bd. of Educ., 90 Conn. App. 59, 66 (2005)(citing Conn. Gen. Stat. § 52-557(n)(a)(2)). The Court held that summary judgment was properly rendered in favor of the Board on the other claims. See id. at 69. The judgment in favor of the plaintiff was therefore reversed and the case was remanded with directions to set aside the verdict on the invasion of privacy claim and render judgment in favor of the defendant. Id. at 70. Plaintiff sought review by the Connecticut Supreme Court but his petition for certification for appeal was denied on September 12, 2005. See O'Connor v. Bd. of Educ., 275 Conn. 912 (2005).

Soon after the jury rendered its verdict in the state court action in October 2003, the defendants in this action submitted a letter to this court requesting a conference regarding their intention to file a supplemental motion to dismiss on the basis of res judicata. The letter complied with a provision in the

4

scheduling order requiring the parties to request a conference before filing dispositive motions. A conference was held as requested, at which time I orally granted summary judgment in favor of the defendants on the federal substantive due process claims. In December 2003, judgment entered in favor of the defendants on all the federal claims, and the pendent state law claims were remanded to state court.

On the ensuing appeal, the Board asked the Court of Appeals to affirm the judgment based on res judicata. See O'Connor v. Pierson, 426 F.3d 187, 194 (2d Cir. 2005). The Court declined to address the issue because it had not been raised in this court in a manner that would preserve it for appeal. See id. at 194-95. On the merits, the Court determined that summary judgment was properly granted to the defendants on the procedural due process claims. The Court also determined, however, that the substantive due process claims raised a triable issue concerning the motivation behind the Board's insistence that the plaintiff release his past medical records as a condition of his return to work. Accordingly, the case was remanded for further proceedings on the substantive due process claims.

II.  Discussion

### The Elements of Res Judicata Are Satisfied

"Under res judicata, a final judgment on the merits of an action precludes the parties or their privies from relitigating

5

issues that were or could have been raised in that action." <u>Allen v. McCurry</u>, 449 U.S. 90, 94 (1980). Res judicata serves to "relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, and, by preventing inconsistent decisions, encourage reliance on adjudication." <u>Id</u>. Under 28 U.S.C. § 1738, federal courts must accord the same res judicata effect to prior state judicial proceedings as would courts of the state.[2] There is no exception for federal civil rights litigation under 42 U.S.C. § 1983. <u>See</u> <u>Migra v. Warren City Sch. Dist.</u>, 465 U.S. 75, 81 (1984); <u>see also</u> <u>Allen v. McCurry</u>, 449 U.S. 90 (1980)(state court proceedings have collateral estoppel effect in subsequent actions under § 1983).

Under Connecticut law, a judgment in a prior action bars subsequent litigation between the same parties or their privies arising from the same subject matter, provided the party who wants to continue to litigate the matter had an adequate opportunity to do so in the earlier proceeding. <u>See</u> <u>Joe's Pizza, Inc. v. Aetna Life & Cas. Co.</u>, 236 Conn. 863, 871-72 (1996). The defendants contend that each of these criteria is satisfied. I agree.

---

[2] Section 1738, which implements the Constitution's Full Faith and Credit Clause, provides in part:
"Such Acts, records and judicial proceedings or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law and usage in the courts of such State, Territory or Possession from which they are taken."

Identity of Parties

Privity exists under Connecticut law when there is "such an identification in interest of one person with another as to represent the same legal rights so as to justify preclusion." DaCruz v. State Farm Fire & Cas. Co., 268 Conn. 675, 691 n.16 (2004). Applying this test, the individual defendants in this action are in privity with the Board (the sole defendant in the state court action) because they are being sued in their official capacities only.[3] Official-capacity suits under § 1983 "generally represent only another way of pleading an action against an entity of which an officer is an agent." Monell v. N.Y. City Dep't of Social Servs., 436 U.S. 658, 690 n.55 (1978). "As long as the government entity receives notice and an opportunity to respond, an official-capacity suit is, in all respects other than name, to be treated as a suit against the entity." Kentucky v. Graham, 473 U.S. 159, 166 (1985). In light of this, public officials sued in their official capacities are deemed to be in privity with the entities that employ them. See, e.g., Conner v. Reinhard, 847 F.2d 384, 394 (7th Cir. 1988) (municipal officials and municipality); Gregory v. Chehi, 843 F.2d 111, 120 (3d Cir. 1988) (same); Thurston

---

[3] Only defendant Pierson was originally sued in her individual capacity. Summary judgment was granted on that claim on the basis of qualified immunity. [Doc. #72] Plaintiff did not challenge that ruling on appeal. Accordingly, the individual defendants remain in the case solely in their official capacities.

7

v. U.S., 810 F.2d 438, 444-445 (4th Cir. 1987) (federal officers and the United States); Town of Seabrook v. New Hampshire, 738 F.2d 10, 11 (1st Cir. 1984) (members of racing commission and racing commission); Micklus v. Greer, 705 F.2d 314, 317 (8th Cir. 1983) (state officials and state); Mathis v. Laird, 457 F.2d 926, 927 (5th Cir. 1972) (Secretary of Defense and the United States); see also Gargiul v. Tompkins, 790 F.2d 265, 272 (2d Cir. 1986)(accepting without discussion plaintiff's concession that a prior action against a school board barred a subsequent action against school board officials in their official capacities).

Identity of Claims

The Connecticut Supreme Court has adopted a transactional test to determine whether an action is barred by res judicata. See Comm'r of Envtl. Prot. v. Conn. Bldg. Wrecking Co., 227 Conn. 175, 189 (1993).[4] Applying this test, there can be no doubt that plaintiff's substantive due process claims are barred by the judgment in the state court action. To prevail on his substantive

---

[4] Under this test, a judgment in a prior action extinguishes "all rights of the plaintiff to remedies against the defendant with respect to all or any part of the transaction, or series of connected transactions, out of which the action arose." Comm'r of Envtl. Prot., 227 Conn. at 189-90. "What factual grouping constitutes a 'transaction,' and what groupings constitute a 'series,' are to be determined pragmatically, giving weight to such considerations as whether the facts are related in time, space, origin, or motivation, whether they form a convenient trial unit, and whether their treatment as a unit conforms to the parties' expectations or business understanding or usage." Id. at 190.

8

due process claims under § 1983, plaintiff must prove that the defendants' insistence on obtaining his past medical records was arbitrary and oppressive. See O'Connor v. Pierson, 426 F.3d at 204. The Board's insistence on obtaining these records, and its intent in doing so, were central to the invasion of privacy and intentional infliction of emotional distress claims that were tried in state court.

### Fair Opportunity to Litigate

Under Connecticut law, res judicata will not be applied to bar an action if "the court in the first action would clearly not have had jurisdiction to entertain the omitted theory or ground (or having jurisdiction, would clearly have declined to exercise it as a matter of discretion)." Conn. Nat'l Bank v. Rytman, 241 Conn. 24, 44 (1997) (original emphasis removed). As a general rule, state courts have subject matter jurisdiction to adjudicate claims under § 1983. See Howlett ex rel. Howlett v. Rose, 496 U.S. 356, 369-75 (1990) (state courts must assume jurisdiction over § 1983 claims absent a "valid excuse"; state law immunity for a local school board does not constitute such an excuse). The issue, then, is whether the state court would have declined to entertain the plaintiff's claims as a matter of discretion. Plaintiff asserts that this is so. But there is no reason to suppose the Superior Court would have declined to entertain his claims. If anything, the court's decision to adjudicate the state law claims,

9

notwithstanding the defendants' objection based on the overlap between those claims and the claims in this case, strongly suggests that the court would have been willing to adjudicate the closely-related federal claims if the parties had asked it to do so.

### Plaintiff's Opposition to Res Judicata Is Unavailing

Plaintiff urges that res judicata should not be applied for several reasons. He contends that giving the defendants the benefit of this defense is barred by the law of the case established by the Court of Appeals, that the Superior Court expressly reserved his right to maintain the claims in this action, and that applying res judicata would be unjust and contrary to the purposes of § 1983. Defendants respond that these arguments are unavailing. Here again, I agree.

#### Law of the Case

Law of the case doctrine forecloses relitigation of issues "expressly or impliedly decided by the appellate court." Field v. United States, 381 F.3d 109, 114 (2d Cir. 2004). Plaintiff contends that this doctrine applies because the Court of Appeals, in disposing of defendants' argument based on res judicata, stated that the defense had been waived. See O'Connor v. Pierson, 426 F.3d at 195. The defendants contend that the law of the case doctrine does not apply because the issue of whether they waived the res judicata defense was not squarely decided by the Court of Appeals. I think they are correct.

As mentioned earlier, the Court of Appeals declined to consider defendants' res judicata argument on the ground that it had not been raised in this court in a manner that would preserve the issue for appeal. See id. This provided a legally sufficient basis for disposing of the defendants' argument and, accordingly, there was no need for the Court to go further and undertake to rule on the separate and distinct issue of waiver. Moreover, the procedural history discussed in this part of the Court's opinion, although clearly pertinent to the question whether the issue of res judicata had been preserved for appeal, is not so clearly pertinent to the issue of waiver. Like other affirmative defenses, res judicata may be waived by omitting it from an answer. In this case, no answer had been or was required to be filed. In addition, the defendants undertook to raise the defense of res judicata in a timely manner by requesting a prefiling conference in accordance with the scheduling order, which was a prerequisite to adding the defense to their then-pending motion for summary judgment. In this context, the import of the Court's statement that the defense had been waived is uncertain. See New Eng. Ins. Co. v. Healthcare Underwriters Mut. Ins. Co., 352 F.3d 599, 605-606 (2d Cir. 2003)(declining to apply law of the case doctrine to a passing reference to a contract issue discussed in a prior appellate

11

decision).[5]

Defendants point out that even if the Second Circuit's statement about waiver is binding, res judicata can still be applied at this stage because a court has authority to invoke the doctrine of res judicata on its own initiative, even when the defense has been waived.[6] In Salahuddin v. Jones, 992 F.2d 447 (2d Cir. 1993), a state prisoner raised § 1983 claims based on events that had been adjudicated in a prior action. The Second Circuit upheld the District Court's sua sponte determination of the res judicata issue because the prisoner conceded that the claims were identical and because of the strong interest in judicial economy. See id. at 449 (noting that dismissal of plaintiff's claims "was not only appropriate but virtually mandatory"). In the pending case, there is no doubt about the identity of the claims, both

---

[5] Plaintiff argues that the defendants cannot take advantage of res judicata in any event because they acquiesced in his decision to split his claims between federal and state court. Defendants respond that their motion to dismiss the state court action refutes any claim that they acquiesced. I agree.

[6] Defendants rely on two cases. In McKithen v. Brown, No. 03-0168-pr, 2007 WL 744728, 11-12 (2d Cir. Mar. 13, 2007), the Court of Appeals noted that federal courts may, but are not required to, raise claim or issue preclusion sua sponte even when a party has apparently waived the issue. In Scherer v. Equitable Life Assurance Society, 347 F.3d 394, 398 & n.4 (2d Cir. 2003), the Court noted that there "may be some instances where it would be improper for a court not to consider the defense," but that "the sua sponte application of res judicata is not always desirable, given the variety of legal and equitable considerations involved and the difficulties that may be associated with determining its applicability when the parties have not briefed the issue." Id.

sides have been fully heard on the issue of res judicata, and the interest in judicial economy clearly would be furthered by bringing this long-standing litigation to a conclusion.

Reservation of Right to Maintain This Action

Plaintiff relies on section 26(1)(b) of the Restatement (Second) of Judgments, which provides that res judicata does not extinguish a claim as a basis for a second action if the court in the first action expressly reserved the plaintiff's right to maintain the claim in a second action. It is reasonable to assume the Connecticut Supreme Court would adopt this provision.[7] However, nothing in the record of the state court action supports a finding that the plaintiff requested or received an express reservation of a right to pursue claims in this court. Plaintiff contends that the Superior Court's denial of the defendants' motion to dismiss can be interpreted to include a tacit ruling that he would be able to proceed here without regard to any judgment that might subsequently enter in the state court case. Even assuming that is what the state court intended, which seems unlikely, plaintiff's argument must be rejected. As shown by the comment to § 26(1)(b), the section requires a clear statement by the court in

---

[7] Research discloses no Connecticut case adopting this section of the Restatement. As a general matter, however, Connecticut courts apply the doctrine of res judicata as described in the Restatement. See A.J. Masi Elec. Co. v. Marron & Sipe Bldg. & Contracting Corp., 21 Conn. App. 565, 567, 574 A.2d 1323 (App. Ct. 1990)(citing Orselet v. DeMatteo, 206 Conn. 542, 544-46, 539 A.2d 95 (1988)).

13

the first action that its "judgment is 'without prejudice' (or words to that effect) to a second action on the omitted part of the claim, expressed in the judgment itself, or in the findings of fact, conclusions of law, opinion, or similar record, . . ." Restatement (Second) of Judgments § 26 cmt. b. Nothing like this can be found in the record of the state court case.

Other Considerations

Plaintiff contends that barring him from litigating his substantive due process claims under federal law would be unjust because he has yet to have a day in court on the merits of these claims. Strictly speaking, he is correct. It must be recognized, however, that these claims are very similar in nature to, and involve the same facts as, the claims that were fully tried to the jury in state court. As defendants correctly point out, moreover, plaintiff took the risk that res judicata would preclude his federal claims when he filed the second action in state court and litigated it to a final judgment. Plaintiff might have taken this risk because he preferred to be in state court for strategic reasons. In any event, plaintiff chose to conduct the litigation in state court and, in doing so, took the risk that the judgment in that action would be dispositive of his federal claims. See generally Erwin Chemerinsky, Federal Jurisdiction, at 433 (4th ed. 2003)(litigant who brings § 1983 claims in federal court and related state claims in state court risks having the § 1983 claims

completely barred by res judicata if the state court decides its case first).

Plaintiff's argument that applying res judicata would be contrary to the purposes of § 1983 is foreclosed by the Supreme Court's decision in Migra.[8] Before the Court's decision in that case, some lower federal courts had taken the position that state court proceedings should not have claim preclusive effect in subsequent actions in federal district court under § 1983. This approach enabled litigants with claims against state officials under both state and federal law to bring the state claims in state court and the federal claims in federal court. In Migra, a unanimous Court rejected this approach stating:

> Although such a division may seem attractive from a plaintiff's perspective, it is not the system established by [28 U.S.C.] § 1738. That statute embodies the view that it is more important to give full faith and credit to state-court judgments than to ensure separate forums for federal and state claims. This reflects a variety of concerns, including notions of comity, the need to prevent vexatious litigation, and a desire to conserve judicial resources.

Migra, 465 U.S. at 84.

---

[8] In Migra, a public school employee was informed that her contract would not be renewed. She sued the school board in state court for breach of contract and won. She then filed an action in federal court under § 1983 claiming that the board had violated her rights under the First Amendment by retaliating against her for drafting a school desegregation plan. The Supreme Court held that because the First Amendment claim arose from the same facts as the claims in the earlier state court case, and could have been raised there, the claim was barred by res judicata.

15

III. Conclusion

For the foregoing reasons, defendants' motion for summary judgment [Doc. #115] is hereby granted. The Clerk may close the file.

So ordered this 31st day of March 2007.

```
       /s/
   Robert N. Chatigny
United States District Judge
```